909 F.2d 75
 17 Fed.R.Serv.3d 1420, 17 Fed.R.Serv.3d 798
 Christopher C. DAY, Ph.D., Plaintiff-Appellant,
v.
Robert M. MORGENTHAU, in his official capacity as District
Attorney for the County of New York, John W. Moscow,
Individually and in his official capacity as Assistant
District Attorney for the County of New York, Hon. Edward
McLaughlin, Individually and in his official capacity as
Judge of the Criminal Court of the City of New York, Joseph
B. Murray, Individually and in his official capacity as
Senior Court Officer, "Jane Doe" Marshall, individually and
in her official capacity as an officer of the New York City
Department of Correction, Richard Koehler, in his official
capacity as Commissioner of the New York City Department of
Correction, Defendants-Appellees.
 No. 1237, Docket 90-7040.
 United States Court of Appeals,
Second Circuit.
 Argued May 31, 1990.
Decided July 19, 1990.
As Amended on Grant of Rehearing
Aug. 29, 1990.
 
 Bernard Fromartz, Brooklyn, N.Y., for plaintiff-appellant.
 Howard L. Perzan, Asst. Dist. Atty., New York City (Robert M. Morgenthau, Dist. Atty., Marc Frazier Scholl, Asst. Dist. Atty., New York City, of counsel), for defendants-appellees Morgenthau and Moscow.
 Stephen Mendelsohn, Asst. Atty. Gen., New York City (Robert Abrams, Atty. Gen., N.Y., Lawrence S. Kahn, Deputy Sol. Gen., New York City, of counsel), for defendant-appellee Murray.
 Helena Lee, New York City (Victor A. Kovner, Corp. Counsel, Stephen J. McGrath, New York City, of counsel), for defendants-appellees Marshall and Koehler.
 Before KAUFMAN, KEARSE and MINER, Circuit Judges.
 MINER, Circuit Judge:
 
 
 1
 Plaintiff-appellant Christopher C. Day appeals from a judgment of the United States District Court for the Southern District of New York (Duffy, J.) dated October 30, 1989, dismissing his complaint for failure to state a claim upon which relief may be granted, see Fed.R.Civ.P. 12(b)(6), and from a December 13 order of that court denying leave to file an amended complaint, see Fed.R.Civ.P. 15(a). Day alleged in his initial complaint that defendants-appellees, acting under color of state law, deprived him of his constitutional rights in violation of 42 U.S.C. Sec. 1983 (1982) when they arrested, searched, detained and prosecuted him on a charge of criminal trespass.
 
 
 2
 On appeal, Day contends that the district court erred in dismissing the claims against defendants-appellees John W. Moscow and Joseph B. Murray. He also contends that the district court abused its discretion in denying his post-judgment motion for leave to file an amended complaint amplifying his claims against Moscow and Murray. Day does not address the claims pleaded against the other defendants, and we therefore have no reason to do so. See Kletschka v. Driver, 411 F.2d 436, 446-47 (2d Cir.1969); Fed.R.App.P. 28(a)(4).
 
 
 3
 For the reasons that follow, we affirm the dismissal of the claim of malicious prosecution against Moscow, reverse the dismissal of the claims of false arrest and illegal search and seizure against Moscow and Murray, and remand the case for further proceedings consistent with this opinion.
 
 BACKGROUND
 
 4
 Day made the following allegations in his complaint, which we accept as true for purposes of reviewing this motion to dismiss. On December 11, 1985, Day and an attorney for whom he worked as a paralegal went to the ninth floor of the criminal courts building at 111 Centre Street in Manhattan. After receiving verbal authority from a Correction Officer, Day waited outside the prisoner "holding pens" while the attorney went inside to consult with a client. The following day, defendant-appellee John W. Moscow, an Assistant District Attorney for New York County, observed Day in a courtroom gallery and "directed" defendant-appellee Joseph B. Murray, a Senior Court Officer, to arrest him. Murray arrested Day without a warrant on a charge of criminal trespass in the third degree, alleging that Day's presence outside the "holding pens" the day before was unauthorized. At the time of arrest, Murray searched and seized the contents of Day's briefcase. Although initially informed that he would be released on an "appearance ticket," Day was incarcerated for thirty-one hours prior to his arraignment on the criminal trespass charge because of Moscow's intervention.
 
 
 5
 On April 13, 1986, Day's motion to suppress the contents of his briefcase was granted by a judge of the New York City Criminal Court. Following three adjournments of trial at the prosecution's request and the expiration of the time for a speedy trial, the Criminal Court dismissed the charge on the prosecution's motion. Day then commenced this action under section 1983 for false arrest, illegal search and seizure, and malicious prosecution.
 
 
 6
 The district court dismissed all claims against Moscow on the ground that his actions were within the scope of his prosecutorial duties and therefore protected by absolute immunity. The court also dismissed the claim against Murray for illegal search and seizure, because the only damages alleged--attorney's fees and mental anguish caused by the four-month prosecution of the charge against Day--had no causal nexus with the search. The order dismissing the complaint was entered on October 24, 1989, and final judgment was entered on October 31.
 
 
 7
 On November 13, Day moved in the district court for reconsideration and leave to file an amended complaint pursuant to Federal Rules of Civil Procedure 15(a), 59(a) and 60(b). In the proposed amended complaint, Day alleged that Moscow "ordered" Murray to detain and arrest him without a warrant or probable cause and to have him incarcerated on a misdemeanor complaint. He also alleged that Moscow "conspired with and instructed" Murray in both the search of Day's briefcase and the prosecution of the charge against him. Finally, he alleged that Moscow instructed Murray not to allow Day's release on an "appearance ticket." The district court denied the motion for leave to file an amended complaint on December 13. Day filed a timely notice of appeal from the judgment and order on January 2, 1990. See Fed.R.App.P. 4(a)(4).
 
 DISCUSSION
 
 8
 Section 1983 provides a civil claim for damages and injunctive relief against any person who acts under color of state law to deprive another of a constitutional right. 42 U.S.C. Sec. 1983. Allegations of facts constituting an arrest without probable cause, an unreasonable search and seizure, or malicious prosecution state claims under section 1983. See, e.g., Monroe v. Pape, 365 U.S. 167, 171, 81 S.Ct. 473, 475, 5 L.Ed.2d 492 (1961). When subjected to an illegal search and seizure, special damages need not be alleged because "the victim is harmed by the invasion of his zone of privacy, whether or not the evidence unlawfully obtained is introduced at trial." Lee v. Willins, 617 F.2d 320, 322 (2d Cir.), cert. denied, 449 U.S. 861, 101 S.Ct. 165, 66 L.Ed.2d 78 (1980). The allegations that Day was arrested, searched and prosecuted without probable cause therefore set forth the essential elements of a section 1983 claim.
 
 
 9
 Although section 1983 imposes liability upon "every person" who deprives another of a constitutional right under color of state law, the doctrines of absolute and qualified immunity shield prosecutors and law enforcement officers from liability related to their official acts. Imbler v. Pachtman, 424 U.S. 409, 417-19, 96 S.Ct. 984, 988-90, 47 L.Ed.2d 128 (1976). Assistant District Attorney Moscow is absolutely immune from liability under section 1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." Id. at 410, 96 S.Ct. at 985. "The granting or denial of absolute immunity depends more, however, on the function being performed than on the office of the defendant, and the absolute immunity accorded a prosecuting attorney is extended only so far as is necessary to the effective functioning of the judicial process." Robison v. Via, 821 F.2d 913, 918 (2d Cir.1987); see also Taylor v. Kavanagh, 640 F.2d 450, 452 (2d Cir.1981). The test is whether the prosecutor is engaged in activities that are "intimately associated with the judicial phase of the criminal process." Imbler, 424 U.S. at 430, 96 S.Ct. at 995; see, e.g., Barr v. Abrams, 810 F.2d 358, 362 (2d Cir.1987) (filing criminal information and obtaining arrest warrant); Taylor, 640 F.2d at 453 (plea bargaining); Lee, 617 F.2d at 322 (alleged falsification of evidence and coercion of perjured testimony). When a prosecutor is engaged in administrative or investigative activities, he is entitled only to qualified immunity, which requires a showing that his acts were objectively reasonable. See, e.g., Robison, 821 F.2d at 920 (seizure of allegedly abused child).
 
 
 10
 While there are no "bright lines between quasi-judicial absolutely immune conduct, on the one hand, and investigative and administrative qualifiedly immune behavior, on the other," Powers v. Coe, 728 F.2d 97, 104 (2d Cir.1984), the allegation that Moscow engaged in malicious prosecution of the charge against Day is clearly within the "judicial phase of the criminal process," Imbler, 424 U.S. at 430, 96 S.Ct. at 995, and we therefore affirm the dismissal of that claim on absolute immunity grounds.
 
 
 11
 Arrests and searches, however, "are normally police functions, and they do not become prosecutorial functions merely because a prosecutor has chosen to participate." Robison, 821 F.2d at 918; see also Barr, 810 F.2d at 362 (recognizing a "meaningful" distinction "between filing the criminal information and procuring an arrest warrant, on the one hand, and executing the arrest warrant, on the other"). The original complaint alleges that Moscow "directed" Murray to arrest Day without a warrant and without probable cause, while all three men were in the same courtroom. Since this allegation suggests that Moscow may have participated in "executing the arrest," it cannot be found "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).
 
 
 12
 Defendants-appellees assert that the claims of false arrest and illegal search and seizure nevertheless are barred by the doctrine of qualified immunity. Qualified immunity will preclude a trial on Day's claims if, based on the facts known to Moscow, it was objectively reasonable for Moscow to believe that probable cause existed for the arrest. See Krause v. Bennett, 887 F.2d 362, 368 (2d Cir.1989). Murray also may be entitled to qualified immunity if it was objectively reasonable for him to rely on the information he received from Moscow. See Calamia v. City of New York, 879 F.2d 1025, 1033 (2d Cir.1989); see also United States v. Ventresca, 380 U.S. 102, 110, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965). The qualified immunity issue cannot be resolved on the face of the present complaint, however, because the complaint does not identify what facts were known to Moscow and Murray at the time of the arrest and search.
 
 
 13
 Murray also contends that the district court's dismissal of the complaint may be affirmed on the ground that Day's claims are time barred. Day's section 1983 claims are governed by the three-year statute of limitations prescribed by New York law. See Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Murray asserts that since the arrest and search occurred on December 12, 1985, and the action was commenced on December 13, 1988, the complaint was filed one day late. However, "only the length of the limitation period is governed by state law." Okure v. Owens, 816 F.2d 45, 47 (2d Cir.1987) (citing Wilson v. Garcia, 471 U.S. 261, 269, 105 S.Ct. 1938, 1943, 85 L.Ed.2d 254 (1985)), aff'd, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Under federal law, "[i]n computing any period of time prescribed or allowed by ... any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included." Fed.R.Civ.P. 6(a). The result is the same under New York law. See N.Y.Gen. Constr. Law Sec. 20 (McKinney Supp.1990). Thus, the three-year period prescribed by the applicable New York statute did not begin to run until the day after the arrest and search. Day's claims therefore are timely.
 
 
 14
 Finally, we turn briefly to the district court's order denying Day's motion to amend his complaint. Under Federal Rule of Civil Procedure 15(a), "leave [to amend] shall be freely given when justice so requires." See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); Ronzani v. Sanofi S.A., 899 F.2d 195, 198 (2d Cir.1990). While the district court is vested with discretion to deny leave to amend, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." Ronzani, 899 F.2d at 198 (quoting Foman, 371 U.S. at 182, 83 S.Ct. at 230). Since it is apparent that Day cannot allege any facts to state a claim for malicious prosecution, allowing leave to amend the complaint as to that claim would serve no purpose. See id. However, Day has stated claims for false arrest and illegal search and seizure against Moscow and Murray. Accordingly, we direct the district court on remand to permit Day to file an amended complaint amplifying those claims.
 
 CONCLUSION
 
 15
 The judgment of the district court is affirmed insofar as it dismissed the claim for malicious prosecution. The portion of the judgment dismissing the claims for false arrest and illegal search and seizure against Moscow and Murray is reversed, and the case is remanded for further proceedings consistent with this opinion.
 
 On Petition For Rehearing
 
 16
 Aug. 29, 1990.
 
 MINER, Circuit Judge:
 
 17
 Defendant-appellee Joseph B. Murray petitions for rehearing of this appeal following our decision filed on July 19, 1990. The petition is granted and we now affirm the dismissal of the complaint against Murray on the ground that the claims pleaded therein are time barred. It follows that leave to replead the claims asserted against Murray also must be denied. We deem our prior opinion amended accordingly.
 
 
 18
 Murray allegedly conducted an unlawful arrest and search of plaintiff-appellant Christopher C. Day on December 12, 1985. December 12 was the day of accrual of Day's claims contrary to his contention that his claims accrued on December 13, 1985, the day of his arraignment. We determined that Day's claims, pleaded under 42 U.S.C. Sec. 1983 (1982), were subject to a three-year statute of limitaions, see Owens v. Okure, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); N.Y. Civ. Prac. L. & R. 214(5) (McKinney 1990), and that the first day of that three-year period was December 13, 1985, the day following the date the claims accrued, see Fed. R. Civ. P. 6(a). This much of our prior opinion rested on well-settled law, but our determination that the three-year period ended on December 13, 1988 involved a more muddled area of the law, compare Bledsoe v. Department of Housing and Urban Dev., 398 F.Supp. 315, 318-21 (E.D. Pa. 1975) and Rodriguez v. United States, 382 F.Supp. 1, 2 (D.P.R. 1974) with Morton v. City of Little Rock, 728 F.Supp. 543, 546 (E.D. Ark. 1989) and Murray v. United States Postal Serv., 569 F.Supp. 794, 796 (N.D.N.Y. 1983), and one that never has been addressed directly by this court, cf. United States v. Guerro, 694 F.2d 898, 903 (2d Cir. 1982) (day of offense is excluded when calculating statute of limitations for violation of 18 U.S.C. Sec. 371), cert. denied, 459 U.S. 1222, 103 S.Ct. 1230, 75 L.Ed.2d 463 (1983).
 
 
 19
 Federal Rule of Civil Procedure 6(a) provides that "the day of the act . . . from which the designated period of time begins to run shall not be included" in calculating the statute of limitations. On rehearing, we are persuaded that this rule should have the same result as New York General Construction Law Sec. 20, which also provides that the first day to be counted in the reckoning is the day after the date of accrual. The New York provision has been interpreted to mean that "[w]hen the applicable limitations period is measured in years, . . . the anniversary date [of the date of accrual is] the last day for instituting action." Evans v. Hawker-Siddeley Aviation, Ltd., 482 F.Supp. 547, 550 (S.D.N.Y. 1979); see also D. Siegel, New York Practice Sec. 34 (1978).
 
 
 20
 Day's complaint was not filed until December 13, 1988, one day after the third anniversary date of accrual, and is therefore time barred.
 
 CONCLUSION
 
 21
 The petition is granted and the opinion is amended to affirm the district court's judgment dismissing the complaint against defendant-appellee Murray and the order denying leave to amend the complaint against him. The opinion otherwise is unchanged.