Christopher C. **DAY, Ph.D., Plaintiff,**

v.

**John W. MOSCOW; Joseph B. Murray, individually and as Senior Court Officer of the State of New York; "Jane Doe" Marshall, individually and as Captain of the New York City Department of Correction; John Does 1–10, unknown named officers of the New York City Police Department and the New York City Department of Correction, Defendants.**

**No. 88 Civ. 8788 (KTD).**

United States District Court, S.D. New York.

May 14, 1991.

Bernard Fromartz, Brooklyn, N.Y., for plaintiff.

Robert Abrams, Atty. Gen., State of N.Y. (Stephen Mendelsohn, Asst. Atty. Gen., of counsel), New York City, for defendant Joseph B. Murray.

Robert M. Morgenthau, Dist. Atty., New York County (Thomas B. Litsky, Marc Frazier Scholl, Asst. Dist. Attys., of counsel), New York City, for defendant John W. Moscow.

MEMORANDUM AND ORDER

KEVIN THOMAS DUFFY, District Judge.

Plaintiff Christopher C. Day, Ph.D., proceeding *pro se*, commenced this action pursuant to 42 U.S.C. § 1983, seeking a declaratory judgment and money damages against defendants Robert M. Morgenthau, District Attorney for New York County, John W. Moscow, Assistant District Attorney, Joseph B. Murray, a court officer who purportedly arrested Day, and other individuals.

On March 29, 1989, Moscow moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint, which I granted on October 23, 1989, dismissing all claims against Moscow, on prosecutorial immunity grounds. In addition, the complaint was dismissed against all remaining defendants for various reasons. A final judgment was entered on October 24, 1989. On November 13, 1989, Day moved for reconsideration and leave to file an amended complaint. This request was denied on December 13, 1989. Day thereafter appealed the decision as against defendants Moscow and Joseph B. Murray, a court officer who purportedly arrested Day.

On August 29, 1990, the Second Circuit affirmed the dismissal of the complaint, concluding that the malicious prosecution claim against Moscow was barred by principles of prosecutorial immunity. With regard to Day's false arrest and illegal search and seizure claims, the Court held that Day should be permitted an opportunity to file an amended complaint. The panel rejected Murray's argument that false arrest and illegal search and seizure claims were barred by the statute of limitations. *See Day v. Morgenthau*, 909 F.2d 75, 77–78 (2d Cir.1990).

Murray petitioned the Second Circuit for rehearing of the appeal, which was granted on August 29, 1990. After reconsidering Murray's application, the Second Circuit reversed its prior decision and affirmed my dismissal of the complaint against Murray, stating that unlawful arrest and search claims as to Murray were barred because the complaint was untimely. *Day v. Mor-genthau*, 909 F.2d at 78. On November 19, 1990, Day filed an amended complaint against Moscow, Murray, and other individuals pursuant to 42 U.S.C. §§ 1983 and 1985(2), seeking equitable relief as well as compensatory and punitive damages. It alleges numerous claims including conspiracy to: (1) prevent Day from testifying in court; (2) injure him for attempting to enforce a Black person's right to equal protection of the laws; (3) chill Day's first amendment rights; (4) arrest Day unlawfully; (5) conduct an illegal search and seizure; and (6) prosecute maliciously. In addition, Day claims that he was not timely arraigned, nor were his post-arrest fingerprint cards, photographs, and property seized returned to him. Murray now moves pursuant to Fed.R.Civ.P. 12(f) to strike the Amended Complaint as against him. Additionally, Moscow moves pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## FACTS

On December 11, 1985, Day, with written authorization from the New York City Department of Correction ("DOC"), accompanied an attorney to the 9th floor of a New York State Courthouse, located at 111 Centre Street in the borough of Manhattan. Amended Complaint ¶¶ 18–19. They were "delivering a message to a prisoner, a Black man, regarding legal counsel...." Amended Complaint ¶ 18. Almost twenty four hours later, Day returned to that same courtroom "taking notes on the arraignment of the aforesaid prisoner, a Black person, at which [sic] Defendant MOSCOW was the prosecutor." Amended Complaint ¶ 20.

While observing and waiting in the gallery of the courtroom, Day was arrested. The arrest, apparently undertaken by Murray on Moscow's direction, was warrantless and not in response to a misdemeanor complaint. Following the arrest, Murray searched a briefcase and billfold in Day's possession. Amended Complaint ¶ 22. After various papers were removed from Day's briefcase, Moscow allegedly instruct-

ed Murray to swear out a complaint for Criminal Trespass in the Third Degree. Amended Complaint ¶¶ 26, 37.

██ Day was then handcuffed and removed to the Fifth Precinct. At the precinct house, Day was allegedly given a desk "appearance ticket," released and told to return at a future time. Amended Complaint ¶ 23. Instead, Day alleges that he was held at Central Booking, photographed, and twice fingerprinted. Amended Complaint ¶¶ 24, 25. Moscow then swore out a criminal complaint against Day, initiating a case for Criminal Trespass in the Third Degree. Amended Complaint ¶ 26. On December 13, 1985, thirty one hours after Day's arrest, he was arraigned and bail was set.[1] Amended Complaint ¶ 28. The prosecution against Day was dismissed on May 14, 1986. Amended Complaint ¶ 36. After prosecution was terminated, Day demanded that his photographs and fingerprints be returned to him. Amended Complaint ¶ 41.

## DISCUSSION

██ Murray maintains that an amended complaint was filed against him in an attempt to have a second bite at the apple, despite the Second Circuit's opinion on rehearing. Thus, Murray claims entitlement to an order striking the amended complaint as against him. I agree, he is so entitled to have the amended complaint stricken. In moving to dismiss the original complaint, Murray alleged that it failed to state a claim upon which relief may be granted and that in any event it was barred by the applicable three year statute of limitations. *See Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (three year statute of limitations applies as to false arrest claims as prescribed by New York law.) I held that the complaint alleged only two claims against Murray— false arrest and unlawful search and seizure—and that Day failed to state sufficient elements for any cognizable § 1983 claims.

On appeal, the Second Circuit agreed that those were the only two claims as against Murray, and on rehearing the court determined that the false arrest and search and seizure claims were time-barred as against Murray. Affirming my dismissal of the complaint against Murray, the court stated: "The petition is granted and we now affirm the dismissal of the complaint against Murray on the ground that the claims pleaded therein are time barred.... [i]t follows that leave to replead the claims asserted against Murray also must be denied." In light of the Second Circuit's mandate denying the plaintiff leave to amend, Day has not succeeded in convincing me that he has pleaded any non-time-barred cognizable claims sufficient to withstand Murray's motion to strike.

Claims brought against Assistant District Attorney Moscow for false arrest and illegal search and seizure were deemed viable and the Second Circuit has allowed Day to replead only those claims. The implication being that Moscow acted outside his prosecutorial function, choosing to involve himself in extra-judicial, law-enforcement activities. However, Day's first complaint, which asserted claims for malicious prosecution, was dismissed outright by me and later unequivocally affirmed. *See Day v. Morgenthau,* 909 F.2d 75, 77 (2d Cir.1990) ("While there are no 'bright lines between quasi-judicial absolutely immune conduct, on the one hand, and investigative and administrative qualified immune behavior on the other,' *Powers v. Coe,* 728 F.2d 97, 104 (2d Cir.1984), the allegation that Moscow engaged in malicious prosecution of the charge against Day is clearly within the 'judicial phase of the criminal process,' *Imbler v. Pachtman,* 424 U.S. 409 at 430, 96 S.Ct. 984 at 995, 47 L.Ed.2d 128 (1976), and we therefore affirm [its] dismissal.") The Second Circuit allowed Day to amplify only the two surviving claims by amended complaint. Thus, any claims arising from allegedly malicious prosecution, or conspir-

---

1. Day asserts that his rights were violated when he was not timely arraigned. However, failure to arraign a defendant within 72 hours does not state a federal cause of action for a fourth amendment violation. *See Williams v. Ward,* 845 F.2d 374 (2d Cir.1988).

acy to do the same, must be rejected outright.

█ The Second Circuit was clear in limiting Day's amended complaint to "amplifying" only those claims for false arrest and illegal search and seizure. Day, however, "amplifies" his pleading by reasserting claims for, *inter alia,* malicious prosecution. By asserting that a conspiracy arising out of the false arrest and illegal search, he attempts to revive the malicious prosecution claim. Alleging a conspiracy at this juncture does not serve to resurrect dead claims. I further disagree with Day's assertion that any matters left open by the Second Circuit's mandate are thus fair ground and appropriate to be explored in an amended complaint. This remand does not give Day the unfettered right to file a wholly new complaint, reasserting claims already dismissed on appeal, in the name of amplifying the very narrow claims which survive. All claims that do not constitute or arise from the alleged unlawful arrest or the search and seizure are improper and cannot withstand this motion to dismiss. Likewise, all claims asserted against persons other than Moscow also must fall.

Regarding Day's claims for unlawful arrest and search, Moscow asserts that these claims are time barred. Day avers that on December 12, 1985, Moscow ordered Murray to arrest Day without a warrant or probable cause. Amended Complaint ¶ 4. Furthermore, Day asserts that Moscow "instructed Defendant Murray ... to search [his] briefcase and billfold, from which various papers were removed under Moscow's supervision without [a] warrant or probable cause to believe that such contained evidence with regard to the charge alleged." Amended Complaint ¶ 22. Moscow maintains that these false arrest and illegal search claims are time barred in that the action was commenced one day beyond the three year statute of limitations. *See Day v. Morgenthau,* 909 F.2d 75, 78 (2d Cir. 1990); *Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989).

As the Second Circuit concluded on rehearing, Day's challenge to Murray's arrest and search of him was untimely. If untimely as to Murray, it necessarily follows that these claims were untimely as to Moscow. The accrual date was December 12, 1985, the date that the "decisive events," namely the arrest and search, occurred and the date on which Day gained knowledge of the wrong. This is so especially in light of the allegation that Moscow called for and authorized Day's arrest on December 12, 1990. *See Singleton v. New York,* 632 F.2d 185, 191 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981) (federal law which governs the date of accrual of federal claims such as those asserted under 42 U.S.C. §§ 1983 and 1985(2), "'establishes as the time of accrual that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action.'")(quoting *Bireline v. Seagondollar,* 567 F.2d 260, 263 (4th Cir.1977)). As determined on rehearing, in order for Day to have met the three year statute of limitations, the complaint had to have been filed on December 12, 1988. It was not.

Day, however, asserts that certain events tolled the accrual of the statute. Specifically, he contends that the unlawful arrest and search claims are not time-barred because: (1) Moscow waived his affirmative defense of statute of limitations; (2) his actions were part of a conspiracy and the statute accrued at the time of the last overt act in furtherance thereof; (3) his actions are part of a continuing violation of Day's first amendment rights; (4) Day was under duress, thus tolling the statute; and (5) Moscow should be estopped from raising the limitations defense by virtue of New York's General Municipal Law § 50 (McKinney 1986).

█ Day's assertion that Moscow waived the statute of limitations defense with respect to unlawful arrest, search and seizure claims (because it was not asserted in his first pre-answer motion to dismiss the first complaint) is without merit. The statute of limitations defense need not be raised in a pre-answer motion. *Santos v. District Council of New York City and Vicinity of United Brotherhood of Carpenters and Joiners,* 619 F.2d 963, 967 (2d

Cir.1980). Moreover, it is incongruous to deny Moscow the chance to raise a viable defense when Day is afforded the opportunity to amend his complaint, thus getting a second bite at the apple. There was neither excessive delay on Moscow's part in raising the defense, nor substantial prejudice suffered by Day thereby. That Day may lose the motion does not constitute prejudice. Indeed, had Day sought to bring analogous claims of false arrest and unlawful search in a New York State Court, the claims would have been time barred under the state's lesser one year statute of limitations. *See* N.Y.Civ.Prac. L.R. § 215(3) (McKinney 1990).

■ Similarly, any contention that the complaint is not time barred because Day is the victim of a purported comprehensive conspiracy is frivolous and must be rejected out of hand. There is nothing in the pleadings to suggest surreptitious or covert actions by Moscow after Day's arrest that would justify tolling the statute. The complaint wholly fails to plead adequate, non-illusory allegations to make out a conspiracy claim. Indeed, allegations of conspiracy are newly raised in the amended complaint apparently in order to disguise that the case is otherwise clearly time-barred. Under the circumstances, allegations of conspiracy are inadequate to initiate a toll of the statute of limitations sufficient to withstand motions to dismiss. Likewise, any claims for false arrest and unlawful search and seizure bootstrapped to the purported conspiracy must fall as well.

Moreover, merely alleging a series of interlocking violative events is not enough to constitute a conspiracy sufficient to postpone accrual of claims. *Singleton v. New York*, 632 F.2d 185, 192 (2d Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981) ("crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action"). The operative date for accrual of Day's claims is December 12, 1985, the day that he was arrested. Day failed to file suit within three years from that date. None of the post-arrest events elevate Day's claims to a conspiracy. Although Day alleges subsequent "interlocking" violative events, no viable conspiracy can be gleaned therefrom.

■ Day, however, attempts to circumvent the rule, as delineated in *Singleton*, by asserting the "continuing violation" doctrine. This doctrine is usually employed in connection with employment discrimination suits and functions to toll the time to file an action "[w]here the defendant has engaged in a continuous policy of discrimination." *Association Against Discrimination in Employment, Inc. v. Bridgeport*, 647 F.2d 256, 274 (2d Cir.), *cert. denied*, 455 U.S. 988, 102 S.Ct. 1611, 71 L.Ed.2d 847 (1981). In order to show a continuing violation, plaintiff must show "a series of related acts, one or more of which falls within the limitations period." *La Beach v. Nestle Co.*, 658 F.Supp. 676, 687 (S.D.N.Y.1987). Day has wholly failed to allege facts sufficient to give rise to a reasonable inference of a continuous "policy of discrimination."

■ Specifically, Day claims that the unlawful prosecution against him squelched his first amendment rights, hindering him from lawfully conversing with and helping a black prisoner. At the outset, a case involving false arrest/unlawful search charges does not present a situation where the continuing violation doctrine appears applicable or appropriate. Even if Day, as he avers, was unlawfully arrested and prosecuted, thereby chilling his first amendment rights, this is insufficient to warrant application of the doctrine. The continuing violation doctrine may not be based on the continuing effects of earlier unlawful conduct. *Delaware State College v. Ricks*, 449 U.S. 250, 257, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980). As such, Day's use of this doctrine is no more than a ploy to resurrect his time-barred claims. Furthermore, any reliance on duress in order to affect a toll of the statute is misplaced. Any purported duress experienced by Day did not alter the limitations period here. *See Cullen v. Margiotta*, 811 F.2d 698, 722 (2d Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987) (only

where duress is "part" of the cause of action itself, or an element thereof, does it have any possible tolling impact.)

■ Day next asserts that Moscow "is equitably estopped from raising the defense of statute of limitations in virtue [sic] of another tolling provision of New York State law." Plaintiff's Memorandum at 37. Apparently, Day is suggesting that New York's General Municipal Law constitutes a tolling provision. It does not. Section 50-i is no more than a condition precedent that must be met, regarding the filing of a notice of claim before commencing an action against a municipality. *Rapf v. Suffolk County of New York*, 755 F.2d 282, 288 (2d Cir.1985) (discussing Gen.Munic.L. §§ 50-e and 50-i).

■ Finally, Day's amended complaint raises an additional two claims pursuant to 42 U.S.C. § 1985(2), which were never asserted in his first complaint. The first § 1985(2) claim asserts that Moscow and Murray "both or either of them conspired with others" to deter Day "by force, intimidation and threat" from attending a federal proceeding and testifying in *The Law Firm of Daniel P. Foster, P.C. et al. v. John Does 1–200, et al.*, 84 Civ. 1337 (CES). Amended Complaint ¶¶ 9, 15. The second § 1985(2) claim asserts that during the same time period Moscow "conspired with others for the purpose of impeding, hindering, obstructing or defeating the due course of justice in the State of New York" as a result of being "arrested and prosecuted because [Day] assisted a Black prisoner with his equal right to counsel." Amended Complaint ¶ 10; Plaintiff's Memorandum at 8.

Although the amended complaint fails to set forth with any reasonable certainty facts showing what Moscow did to carry the conspiracy into effect, Day apparently ties the purported misconduct to his own criminal prosecution. Indeed, these claims cannot fairly be viewed as a foreseeable outgrowth of the original complaint. Additionally, Day concedes that the prosecution ended on May 14, 1986. Thus, if Day was intimidated as a result of that prosecution from testifying in federal court, or from assisting a Black prisoner in a separate state prosecution, any intimidation clearly ended after Day's prosecution was dismissed on May 14, 1986. Accordingly, Day had three years to amend the original complaint, incorporating his § 1985(2) claims. Since these claims were not part of the original complaint, and raised for the first time on November 15, 1990 in the amended complaint, both § 1985(2) claims are time barred under the applicable statute of limitations period. Indeed, all claims asserted in the amended complaint apparently arise from the same basic events, dating from the arrest and search, thus all other claims, in addition to those appended to the §§ 1983 and 1985(2) must fall as well.

For the foregoing reasons, motions to strike and dismiss brought by defendants Murray and Moscow are granted in whole and Day's amended complaint is dismissed in its entirety as against all defendants. This decision closes this case and hopefully will write "FINIS" to the entire matter.

SO ORDERED.