Christopher C. DAY, Ph.D., Plaintiff–Appellant,

v.

John W. MOSCOW and Joseph B. Murray, individually and as Senior Court Officer of the State of New York, Jane Doe Marshall, individually and as Captain of the New York City Department of Correction and John Doe, 1–10, unknown named officers of the New York City Police Department and the New York City Department of Correction, Defendants–Appellees.

No. 539, Docket 91–7536.

United States Court of Appeals, Second Circuit.

Argued Nov. 21, 1991.

Decided Jan. 24, 1992.

Bernard Fromartz, Brooklyn, N.Y., for plaintiff-appellant.

Thomas B. Litsky, Asst. Dist. Atty., New York City (Robert M. Morgenthau, Dist. Atty., Marc Frazier Scholl, Asst. Dist. Atty., on the brief), for defendant-appellee John W. Moscow.

Stephen Mendelsohn, Asst. Atty. Gen. of State of N.Y., New York City (Robert Abrams, Atty. Gen. of State of N.Y., on the brief), for defendant-appellee Joseph B. Murray.

Before OAKES, Chief Judge, and MESKILL and KEARSE, Circuit Judges.

KEARSE, Circuit Judge:

Plaintiff Christopher C. Day appeals from a final judgment of the United States District Court for the Southern District of New York, Kevin Thomas Duffy, *Judge,* entered after proceedings on remand from our prior decision, *Day v. Morgenthau,* 909 F.2d 75 (2d Cir.1990) *("Day I"),* dismissing his post-remand amended complaint brought under 42 U.S.C. §§ 1983 and 1985(2) (1988) for damages in connection with claims of, *inter alia,* false arrest, unlawful search and seizure, malicious prosecution, and conspiracy. The district court dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6) and 12(f) on the grounds that the claims asserted were barred by *Day I* and/or by the 3-year statute of limitations. On appeal, Day contends principally (1) that his new claims were not foreclosed by the prior proceedings, and (2) that the statute of limitations had been tolled. For the reasons below, we reject these contentions and affirm the judgment of dismissal.

## I. BACKGROUND

The events leading to this litigation, as alleged in the complaint and reiterated in the amended complaint, are set forth in *Day I,* familiarity with which is assumed, and will be but briefly summarized here.

At the pertinent times, Day was serving as a paralegal for a New York City law firm. Defendant John W. Moscow was an Assistant District Attorney for New York County; defendant Joseph B. Murray was a senior court officer in the criminal courts building ("courthouse") at 111 Centre Street in New York County.

On December 11, 1985, Day accompanied one of the firm's attorneys to an area of the courthouse known as the "holding pens," in which prisoners were detained. Day waited outside the holding pens while the attorney went inside to deliver a message to a prisoner. On the following day, December 12, 1985, while sitting in a courtroom in the same courthouse, Day was arrested, without a warrant, and charged with criminal trespass in connection with his presence outside the holding pens the day before. Murray arrested Day on the instruction of Moscow, and searched Day's briefcase and billfold. Day was incarcerated for some 31 hours while awaiting his arraignment. The charge against him was eventually dismissed.

### A. The Dismissal of the Complaint and the Decision in Day I

On December 13, 1988, Day commenced the present action against Moscow, Murray, "Jane Doe" Marshall, and several other defendants under § 1983, seeking $500,000 in compensatory damages and $1 million in punitive damages. Day asserted various claims, including claims against Moscow and Murray for false arrest and unlawful search and seizure (sometimes referred here to as the "arrest/search" claims), and against Moscow for malicious prosecution as well. All defendants moved to dismiss the complaint pursuant to Rule 12(b)(6). Moscow argued that he was entitled to prosecutorial immunity; Murray argued that the complaint failed to state a claim against him and that, in any event, the claims asserted against him were barred by the statute of limitations.

In a Memorandum and Order dated October 23, 1989, the district court dismissed the complaint in its entirety. To the extent pertinent here, the court dismissed the

claims asserted against Moscow on the ground that his actions were within the scope of his prosecutorial duties and that he therefore enjoyed absolute immunity from Day's claims. The court dismissed the complaint against Murray on the ground that it failed to state a claim against him on which relief could be granted. Day moved for leave to file an amended complaint elaborating on his claims against Moscow and Murray. The district court denied the motion, and Day appealed.

In *Day I*, this Court vacated the dismissal of the arrest/search claims against Moscow, remanding for the filing of an amended complaint containing those claims, and in all other respects we affirmed the judgment. Since Day did not present any argument as to the dismissals of the defendants other than Moscow and Murray, we discussed only the claims against those two defendants.

With respect to Murray, who argued that the complaint failed to state a claim against him and, alternatively, that the statute of limitations had run, we affirmed the dismissal on the latter ground. Ruling that the three-year limitations period provided by N.Y.Civ.Prac.L. & R. ("CPLR") § 214(5) (McKinney 1990), governed the action, and ruling on reargument that the action had been commenced three years and one day after the claims' accrual, we concluded that the action against Murray was time-barred. With respect to the claims against Murray, we also affirmed the district court's denial of leave to amend. *Day I*, 909 F.2d at 79.

With respect to Moscow, we agreed with the district court that Moscow enjoyed absolute immunity from the claim of malicious prosecution. We ruled that the arrest/search claims, however, alleged acts that are not normally considered prosecutorial functions. As to those claims, therefore, Moscow could claim only qualified, not absolute, immunity. Since his entitlement to qualified immunity could not be determined from the face of Day's complaint, we vacated the dismissal of the arrest/search claims. We remanded and directed the district court "to permit Day to file an amended complaint amplifying those claims." *Id.* at 78.

## B. *The Proceedings on Remand*

On remand, Day filed an amended complaint that not only amplified his arrest/search claims against Moscow but also repleaded other claims that had been dismissed and asserted new claims under § 1983 and under 42 U.S.C. § 1985(2) against Murray, Moscow, and "Jane Doe" Marshall, and against 10 "John Doe" defendants who had not been named in the original complaint. The amended complaint, demanding $1 million in compensatory damages and $3 million in punitive damages, asserted, *inter alia*, claims against Murray and Moscow for false arrest, search and seizure, malicious prosecution, unlawful delay of Day's arraignment, and conspiracy to prevent Day from testifying in a court proceeding.

Murray moved pursuant to Rule 12(f) to strike the amended complaint as to him on the ground that the dismissal of the original complaint against him, without leave to replead, had been affirmed on appeal. Moscow moved pursuant to Rule 12(b)(6) to dismiss most of the claims against himself on similar grounds, *i.e.*, that all claims other than the arrest/search claims had been dismissed without leave to replead, that the dismissal had been affirmed on appeal, and that this Court had ordered that Day be allowed to file an amended complaint only with respect to the arrest/search claims. He moved to dismiss the arrest/search claims on the ground that they were barred by the statute of limitations.

In a Memorandum and Order dated May 14, 1991, 769 F.Supp. 472, ("May 1991 Order"), the district court granted Murray's motion to strike the amended complaint as against him. Noting that this Court had affirmed the dismissal of the original complaint as against Murray on the ground that the claims were barred by the statute of limitations, the district court concluded that the claims Day attempted to assert against Murray in the amended complaint were likewise barred.

As to Moscow, the district court concluded that this Court's remand to permit Day to replead had been limited to the arrest/search claims and that Day's new claims were thus improperly asserted. As to the arrest/search claims, the court concluded that they were barred by the statute of limitations. The district court noted that this Court had found those claims untimely as to Murray, and it concluded that, "[i]f untimely as to Murray, it necessarily follows that these claims were untimely as to Moscow." *Id.* at 476. Though Day contended that the statute of limitations had been tolled for a number of reasons, the court rejected all of his arguments.

As to the "John Doe" defendants, the district court ruled that this Court's limited grant of leave to replead against Moscow did not allow Day to bring in new parties, and it apparently concluded that the claims against these parties, which arose from the same series of events, were barred by the statute of limitations.

Accordingly, the court dismissed the amended complaint in its entirety. This appeal followed.

## II. DISCUSSION

On appeal, Day argues principally (1) that the mandate in *Day I* did not foreclose his assertion of any claims, and (2) that his arrest/search claims against Moscow are not time-barred because the running of the statute of limitations had been tolled. For the reasons below, we conclude that most of Day's new claims were foreclosed by *Day I*, that the statute of limitations on Day's arrest/search claims against Moscow was not tolled, and that the complaint was therefore properly dismissed.

### A. *Day's Claims Against Defendants Other Than Moscow*

Day's challenges to the district court's dismissal of the amended complaint's claims against defendants other than Moscow do not require lengthy discussion. Most of those claims are foreclosed by our decision in *Day I*.

#### 1. Murray

As against Murray, the original complaint asserted only claims of false arrest and unlawful search and seizure. The district court dismissed the complaint against him and denied Day's request for permission to file an amended complaint. This Court affirmed the dismissal and affirmed the denial of leave to replead against Murray. Accordingly, *Day I* confirmed the entry of a final judgment in Murray's favor.

Principles of res judicata bar Day's attempt to relitigate not only the arrest/search claims that had already been asserted against Murray, the dismissal of which became final in *Day I*, but also any other claim that Day could have asserted against him arising out of the same series of events. *See, e.g., Commissioner v. Sunnen,* 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1948); *Balderman v. United States Veterans Administration,* 870 F.2d 57, 62 (2d Cir.1989); *Tucker v. Arthur Andersen & Co.,* 646 F.2d 721, 727 (2d Cir.1981); Restatement (Second) of Judgments § 24 (1982). Generally res judicata is an affirmative defense to be pleaded in the defendant's answer. *See* Fed. R.Civ.P. 8(c). However, when all relevant facts are shown by the court's own records, of which the court takes notice, the defense may be upheld on a Rule 12(b)(6) motion without requiring an answer. *See, e.g., W.E. Hedger Transp. Corp. v. Ira S. Bushey & Sons,* 186 F.2d 236, 237 (2d Cir.1951). Thus, though Rule 12(f), which permits the court to strike from a pleading any matter that constitutes an "insufficient defense" or that is "redundant, immaterial, impertinent, or scandalous," Fed.R.Civ.P. 12(f), was not the appropriate procedural vehicle for Murray's motion, *see* 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1380, at 644 (1990) (Rule 12(f) designed for excision of material from a pleading, not for dismissal of claims in their entirety), dismissal of the amended complaint against Murray was plainly proper.

#### 2. "Jane Doe" Marshall

The original complaint asserted claims against several individuals other

than Murray and Moscow. All such claims were dismissed, and, as stated above, the claims against those other defendants were not pursued on Day's first appeal. Consequently, the dismissals as to defendants other than Murray and Moscow were not disturbed in *Day I* and became final as to them. Thus, as to those defendants, as with respect to Murray, principles of res judicata foreclosed any further assertion by Day of claims with respect to the events described in the original complaint.

In his amended complaint, Day attempted to assert such claims against "Jane Doe" Marshall. Since "Jane Doe" Marshall was an original defendant as to whom the judgment dismissing the complaint had become final, the district court properly dismissed the amended complaint against her since those claims are barred by res judicata.

### 3. The "John Doe" Defendants

■ Day's amended complaint also brought in ten new defendants, denominated "John Doe[s] 1–10" and described as officers of the New York City Police Department or Department of Correction. The arrest of Day at the courthouse on December 12, 1985, and the ensuing treatment of him were alleged to be the result of a conspiracy in which the "John Doe[s]" were alleged to have participated.

The district court apparently dismissed these claims on the ground that our limited remand permitting amendment of two claims against Moscow foreclosed the introduction of claims against any new defendants and that such claims were barred by the statute of limitations. Day has not explicitly challenged the dismissal of the "John Doe[s]" on this appeal, but we note that to the extent that his request for relief envisions reinstatement of his claims against these parties, it lacks merit. Though our prior decision did not purport to foreclose the commencement of a new action against any persons other than those who were then parties to the action, it established that the three-year statute of limitations provided in CPLR § 214(5) governs Day's claims, *Day I*, 909 F.2d at 78–

79. Dismissal of the asserted claims against the new defendants thus was correct on statute of limitations grounds.

### B. *The Claims Against Moscow*

The claims asserted by Day in the amended complaint against Moscow may be divided into two groups: his arrest/search claims, all other claims. Assertion of the latter group was barred by *Day I;* assertion of the arrest/search claims was barred by the statute of limitations. We discuss them in reverse order.

#### 1. The Claims of Malicious Prosecution, Conspiracy, etc.

· ■ Where issues have been "explicitly or implicitly decided on appeal," *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir. 1991), the law-of-the-case doctrine obliges the district court on remand to follow the decision of the court of appeals, *see, e.g., id.* at 757; *Soto–Lopez v. New York City Civil Service Commission*, 840 F.2d 162, 167 (2d Cir.1988); *United States v. Fernandez*, 506 F.2d 1200, 1202 (2d Cir.1974); 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 792–93 (1981). In *Day I*, we explicitly affirmed the dismissal of the claim against Moscow for malicious prosecution on the ground of absolute immunity. The dismissal of that claim thus was final. Further, since in vacating the dismissal of the arrest/search claims we stated that Day should be allowed to "file an amended complaint amplifying *those* claims," *Day I*, 909 F.2d at 78 (emphasis added), we implicitly, if not explicitly, ruled that any amended complaint was to be limited to those claims.

Accordingly, the district court properly ruled that the amended complaint, insofar as it sought to assert against Moscow claims other than claims for false arrest and unlawful search and seizure, was foreclosed by *Day I.*

#### 2. The Arrest/Search Claims Against Moscow

■ The remaining question is whether the arrest/search claims against Moscow were properly dismissed on statute-of-limi-

tations grounds. Day contends that the district court should have ruled his claims against Moscow timely on the ground that the statute of limitations was tolled either (1) because Day was under duress, or (2) because he timely served process on an alleged coconspirator of Moscow, or (3) because CPLR § 204(a) (McKinney 1990) provides for tolling in connection with Day's filing of a notice of claim under New York's municipal administrative claim procedure. We note that these issues were not addressed by this Court in *Day I* because in response to Murray's statute-of-limitations argument (Moscow had not then asserted such a defense), Day made no argument as to tolling. Though it is well established that when a federal court looks to state law to determine the appropriate statute of limitations governing a claim brought under § 1983, it must also refer to the state's coordinate tolling rules unless they are inconsistent with federal law, *Board of Regents v. Tomanio*, 446 U.S. 478, 484–86, 100 S.Ct. 1790, 1795–96, 64 L.Ed.2d 440 (1980), we conclude that none of Day's present contentions has merit, and only the third requires extended discussion.

■ We reject Day's first contention, *i.e.*, that the statute of limitations was tolled by duress, because under New York law duress will toll the running of a statute of limitations only if duress against the plaintiff is an element of the cause of action asserted. *See, e.g., Cullen v. Margiotta*, 811 F.2d 698, 722 (2d Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987); *Baratta v. Kozlowski*, 94 A.D.2d 454, 458–59, 464 N.Y.S.2d 803, 806 (2d Dep't 1983). Duress is not an element of a cause of action for false arrest, *see generally Broughton v. New York*, 37 N.Y.2d 451, 456–57, 373 N.Y.S.2d 87, 93–94, 335 N.E.2d 310, 313–14, *cert. denied*, 423 U.S. 929, 96 S.Ct. 277, 46 L.Ed.2d 257 (1975), or a claim of unlawful search and seizure. We reject Day's second contention, *i.e.*, that the statute was tolled by timely service of process on a coconspirator, because, *inter alia*, the original complaint did not allege a conspiracy, *Day I* did not permit Day to introduce a conspiracy claim, and in any event, as the district

court aptly found, Day's present allegation "of a purported comprehensive conspiracy is frivolous." May 1991 Order at 477.

■ Day's final contention, *i.e.*, that the statute of limitations was tolled by CPLR § 204(a), has some superficial appeal but ultimately does not withstand analysis. The foundation for this argument is the interplay between CPLR § 204(a) and the state administrative provisions affecting claims against municipalities.

When the alleged events occurred, New York law provided that a suit against a municipality or its employees must be preceded by the filing of a notice of claim with the municipality. *See* N.Y.Gen.Mun.Law § 50–e (McKinney 1986 & Supp.1991); *but see Felder v. Casey*, 487 U.S. 131, 108 S.Ct. 2302, 101 L.Ed.2d 123 (1988) (ruling that states may not establish such a notice of claim as a precondition to suit in state court under § 1983). The New York statutory scheme also provided that whenever a notice of claim was filed, the municipality had the right to demand an examination of the claimant, and that "[w]here [such] a demand has been served ... no action shall be commenced against the [municipality] unless the claimant has duly complied with such demand for examination." N.Y.Gen. Mun.Law § 50–h(5) (McKinney 1986 & Supp.1991).

CPLR § 204(a) provides that "[w]here the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced." Under New York law, the prohibition found in § 50–h(5), forbidding commencement of an action until the demand for an examination has been honored, triggers § 204(a)'s tolling provision. *See Hauptman v. New York City Health and Hospitals Corporation*, 162 A.D.2d 588, 589, 556 N.Y.S.2d 929 (2d Dep't 1990).

In his amended complaint, Day alleged that "[o]n November 3, 1986, the Office of the Comptroller served a Demand for Plaintiff's examination, which was held on June 8, 1987." (Amended Complaint ¶ 2.) Thus, he argues that from November 3,

1986, to June 8, 1987, § 50–h(5) prevented him from commencing his suit and that CPLR § 204(a) tolled the statute of limitations for that seven-month and five-day period. When this additional time is added to the limitations period, Day's arrest/search claims were timely filed.

The flaw in this argument is that, though New York's notice-of-claim requirements were, prior to *Felder v. Casey,* 487 U.S. 131, 108 S.Ct. 2302, applicable to § 1983 suits brought in state court, they were not applicable to § 1983 suits brought in federal court. *See, e.g., Brandon v. Board of Education,* 635 F.2d 971, 973 n. 2 (2d Cir. 1980), *cert. denied,* 454 U.S. 1123, 102 S.Ct. 970, 71 L.Ed.2d 109 (1981); *Courtemanche v. Enlarged City School District,* 686 F.Supp. 1025, 1032 (S.D.N.Y.1988); *Burroughs v. Holiday Inn,* 621 F.Supp. 351, 353–55 (W.D.N.Y.1985); *Williams v. Allen,* 616 F.Supp. 653, 656–59 (E.D.N.Y.1985); *Paschall v. Mayone,* 454 F.Supp. 1289, 1298 (S.D.N.Y.1978). Thus, *Felder v. Casey* noted that although the Supreme Court itself "ha[d] never passed on the question, the lower federal courts have all, with but one exception, concluded that notice-of-claim provisions are inapplicable to § 1983 actions brought in federal court." 487 U.S. at 140, 108 S.Ct. at 2307. The lone exception referred to in *Felder* was *Cardo v. Lakeland Central School District,* 592 F.Supp. 765, 772–73 (S.D.N.Y.1984), which was not authoritative, since it was contrary to the principle stated by this Court in *Brandon v. Board of Education,* 635 F.2d at 973 n. 2, upholding a ruling that compliance with the state's notice-of-claim provision was not a precondition to the district court action. Since the filing of a notice of claim was not a prerequisite to the federal-court suit, a municipality perforce could not require a delay of the commencement of a federal-court suit pending an examination based on such a notice. Thus, there was no point during the three-year period provided by CPLR § 214(5) at which Day was barred from commencing the present suit in federal court. Since there was no statutory prohibition against a suit such as the present one in federal court, we conclude that under state law, the tolling provision in § 204(a) would not be deemed applicable to an action in federal court.

A statute of limitations is a statute of repose, "considered indispensable to any scheme of justice." *Felder v. Casey,* 487 U.S. at 140, 108 S.Ct. at 2308. The purpose of a tolling provision is to assure that the claimant has the full period of time provided by a statute of limitations in which to bring his suit. In the present case, no valid purpose would be served by enlarging the prescribed period to "compensate" for a disability that did not exist.

## CONCLUSION

We have considered all of Day's arguments on this appeal and have found them to be without merit. The judgment dismissing the amended complaint is affirmed.