OPINION
PER CURIAM.
Philip Johnson sued the City of New York, agencies of the City of New York, including the New York Administration for Children’s Services (“ACS”), and ACS case workers. He brought claims under 42 U.S.C. §§ 1983, 1985(3), and 1986, alleging that the defendants violated his rights when ACS conducted emergency removals of his children from his home in June 2002 and March 2004 based on allegations of abuse and neglect.
Some of the defendants filed a motion to dismiss the complaint, arguing, inter alia, that the complaint was barred by the doctrines of res judicata and Rooker-Feldman.[1] After reviewing Johnson’s complaint against the previous actions he filed in federal court in New York Johnson v. Queens Admin, for Children’s Sens., No. 02-cv-04497, 2006 WL 229905 (E.D.N.Y. Jan.31, 2006) (“Johnson I ”) and Johnson v. New York, No. 04-cv-01070, 2007 WL 764514 (E.D.N.Y. Mar.9, 2007) (“Johnson II ”), the District Court dismissed the complaint against all the defendants on res judicata grounds. See Day v. Moscow, 955 F.2d 807, 811 (2d Cir.1992) (holding that a res judicata defense may be raised in a motion to dismiss when the defense is apparent on review of court records of which a court can take notice). The District Court also concluded that the Rook-er-Feldman doctrine barred review to the extent that Johnson challenged issues already adjudicated in state court. Johnson appeals.
We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court’s decision. See Venuto v. Witco Corp., 117 F.3d 754, 758 & n. 5 (3d Cir.1997) (“Our review of the district court’s application of res judicata rules ... is plenary.”); Turner v. Crawford Square Apts. III, L.P., 449 F.3d 542, 547 (3d Cir.2006) (“Our review of the district court’s application of the Rooker-Feldman doctrine is plenary.”)
On review, we conclude that the District Court properly dismissed Johnson’s com *852 plaint. To determine the preclusive effects of a prior judgment, we look to the law of the issuing court. See Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 145 (3d Cir.1999). The issuing courts were federal courts (sitting within the Second Circuit), where, to prevail on the defense of res judicata, a litigant must show “that 1) the previous action involved an adjudication on the merits; 2) the previous action involved the plaintiffs or those in privity with them; [and] 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action.” Monahan v. New York City Dep’t of Corr., 214 F.3d 275, 285 (2d Cir.2000); see also United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir.1984). In this case, the defendants satisfied their burden.
Johnson raised claims relating to the emergency removal of the children in June 2002 in Johnson I. The claims were adjudicated on the merits, with the district court granting summary judgment in favor of the defendants. In Johnson II, Johnson litigated claims relating to the emergency removal of his children in March 2004. The distinct court, granting summary judgment in that case, adjudicated those claims on the merits. As the District Court concluded in this case, the claims Johnson raises in his complaint in this action were or could have been raised in his earlier lawsuits. Accordingly, they are barred by the doctrine of res judicata.
Furthermore, as the District Court determined, to the extent that Johnson actually seeks review of decisions rendered by the Queens County Family Court, the Rooker-Feldman doctrine bars review. See Turner, 449 F.3d at 547 (discussing the contours of the Rooker-Feldman doctrine).
For these reasons, we "will affirm the District Court’s decision.

. The doctrine derived from Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).