*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2010-142

MAY TERM, 2011

| | | |
|---|---|---|
| Robert Winchell | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Orleans Superior Court |
| | } | |
| | } | |
| Robert Hofmann | } | DOCKET NO. 46-2-09 Oscv |

Trial Judge: Walter M. Morris, Jr.

In the above-entitled cause, the Clerk will enter:

Plaintiff, an inmate committed to the custody of the Commissioner of Corrections, appeals from a superior court order dismissing his Rule 75 complaint as res judicata. Plaintiff contends the court erred in relying on matters outside the record. We affirm.

In February 2009, plaintiff filed a complaint against the Commissioner, asserting that he was improperly denied 270 days of Earned Reduction of Term (ERT) credit between September 2001 and December 2003. The State moved to dismiss the complaint on the grounds that it was res judicata and untimely. The State referenced and attached court documents showing that plaintiff had filed an earlier complaint against the Commissioner in 2005 seeking over five months of ERT credits on the same basis, and for the same time period. That complaint was dismissed in response to the State's motion in August 2006. The dismissal was not appealed, and became final.

In opposing the State's motion, plaintiff acknowledged the earlier complaint but asserted that it was somehow distinguishable because it "was not over a denial of ERT but was over a completely different issue which was lack of opportunity to earn ERT from September of 2001 until December of 2003."

The court issued a decision in March 2010, granting the State's motion to dismiss the complaint as res judicata. The court, quoting <u>Larter & Sons v. Dinkler Hotels Co.</u>, 199 F.2d 854, 855 (5th Cir. 1952), observed preliminarily that dismissal on the basis of an affirmative defense such as res judicata may be proper where "the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue." The court went on to correctly state that the doctrine of res judicata "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter and causes of action are identical or substantially identical." <u>In re Tariff Filing of Cent. Vt. Pub. Serv. Corp.</u>, 172 Vt. 14, 20 (2001) (quotations omitted). The doctrine bars not only claims that were actually litigated in the prior proceeding, but also those that could have been raised. <u>Id</u>.

The court found that all of the elements of res judicata were satisfied, observing that the parties to the two actions were the same, the timeframes were the same, and the claims were substantially identical, involving in each case an assertion that plaintiff was wrongly denied

ERT credit because he was ineligible for education or programming and was not afforded an opportunity to work. The court rejected plaintiff's argument that the actions were distinguishable because one claimed a denial of credit and the other a denial of the "opportunity" to earn credit as a "distinction without a difference," noting that both complaints sought ERT credit for the same alleged denial of work or programming opportunities.

Plaintiff does not challenge the court's findings and conclusions, but instead asserts that the ruling was procedurally flawed because the court relied on matters outside the complaint without converting the motion to one for summary judgment and affording the parties an opportunity to contest the matter, as required by V.R.C.P. 12(c). Although a motion to dismiss is generally confined to matters that appear on the face of the complaint, it is widely accepted that, when considering a motion to dismiss on the basis of res judicata, a court may take judicial notice of a prior judicial proceeding when the factual accuracy of the record is undisputed or admitted. In Andrews v. Daw, for example, the trial court granted a 12(b)(6) motion to dismiss the plaintiff's complaint on the basis of res judicata, and the Court of Appeals rejected the argument on appeal that the ruling was procedurally improper because the defense "was not clearly established by the affirmative allegations of the complaint." 201 F.3d 521, 524 n.1 (4th Cir. 2000). As the court explained, "when entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding" where there is no "dispute [as to] the factual accuracy of the record of [the] previous suit." Id.; accord Clifton v. Warnaco, Inc., 53 F.3d 1280, 1995 WL 295863, at *6 n.13 (5th Cir. 1995) (per curiam) (rejecting claim that trial court erred in dismissing complaint on res judicata grounds without converting motion to summary judgment where all relevant facts were shown by court's own records of which it took judicial notice); Day v. Moscow, 955 F.2d 807, 811 (2d Cir. 1992) (upholding Rule 12(b)(6) dismissal of complaint on basis of res judicata "when all relevant facts are shown by the court's own records, of which the court takes notice"); Scott v. Kuhlmann, 746 F.2d 1377, 1378 (9th Cir. 1984) (per curiam) (upholding dismissal of complaint where it was "evident from the record . . . of which we take notice . . . and the pleadings in this case, that the issues raised in both cases are the same"); see also Kaplan v. Morgan Stanley & Co., 2009 VT 78, ¶ 10 n.4, 186 Vt. 605 (mem.) (noting that court is " 'not limited to the four corners of the complaint' " in ruling on motion to dismiss but may consider " 'items subject to judicial notice [and] matters of public record' " without converting motion to one for summary judgment (quoting 5B C. Wright & A. Miller, Federal Practice & Procedure § 1357, at 376 (2004))).

In light of these authorities, it is apparent that the trial court here did not err in granting the motion to dismiss based on the doctrine of res judicata. The prior complaint and order of dismissal were matters of public record which plaintiff readily acknowledged, and there was no dispute as to their contents or accuracy. Nor is there any claim, or doubt, that the parties, subject matter, and causes of action in the two complaints were identical or substantially identical. Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

2