Ben Gary TRIESTMAN, Plaintiff,

v.

Matthew PROBST, Investigator, et al., Defendants.

Civ. A. No. 95–CV–682.

United States District Court, N.D. New York.

Sept. 6, 1995.

Ben Gary Triestman, Ray Brook, NY, plaintiff, pro se.

## MEMORANDUM–DECISION AND ORDER

POOLER, District Judge.

### INTRODUCTION

In an order and report-recommendation filed on June 7, 1995, Magistrate Judge Daniel Scanlon, Jr. recommended dismissal of this lawsuit as barred by the statute of limitations. Plaintiff Ben Gary Triestman on June 19, 1995, timely filed objections to the report-recommendation. Because these objections are without merit, I adopt the magistrate's recommendation.

### BACKGROUND

Triestman filed his "Civil Rights Complaint pursuant to *Bivens* and under Title 42 U.S.C. § 1983" in district court on May 18, 1995. In his complaint, plaintiff alleges that defendants participated in illegal searches of his residence and seizures of his property on March 25, 1992, March 26, 1992, and April 21, 1992. I refer to the entire complaint for a more detailed account of plaintiff's allegations.

The magistrate judge found that the alleged misconduct of the defendants occurred in March and April of 1992. The magistrate judge next determined that this lawsuit was filed on May 18, 1995, which was more than three years after the dates on which the alleged violations occurred. Because Section 1983 claims are governed by a three-year statute of limitations, the magistrate judge recommended dismissal of Triestman's lawsuit. *See Veal v. Geraci,* 23 F.3d 722, 724 (2d Cir.1994).

In his objections to the report-recommendation, plaintiff argues that he filed his complaint within the statute of limitations, which should accrue starting from the date plaintiff was aware of the violations rather than from the date of the search. Plaintiff claims that on June 2, 1992, the court unsealed the search warrant and accompanying affidavits and released them to his attorney. Only then did plaintiff become aware of the illegal search warrant and supporting affidavits. Plaintiff argues that his complaint is timely because it was filed on May 19, 1995, within three years of the June 2, 1992, date.

### DISCUSSION

I will review *de novo* that portion of the magistrate judge's report-recommendation to which plaintiff has objected. 28 U.S.C. § 636(b)(1). For Section 1983 actions arising in New York, the statute of limitations is three years. *Owens v. Okure,* 488 U.S. 235, 250–51, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989). When the Section 1983 claim accrues is a matter of federal law. *Singleton v. City of New York,* 632 F.2d 185, 190 (2d Cir.1980), *cert. denied,* 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981). The time of accrual is "that point in time when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (quoting *Bireline v. Seagondollar,* 567

F.2d 260, 263 (4th Cir.1977), *cert. denied,* 444 U.S. 842, 100 S.Ct. 83, 62 L.Ed.2d 54 (1979)); *see also Eagleston v. Guido,* 41 F.3d 865, 871 (2d Cir.1994). In other words, the "crucial time for accrual purposes is when the plaintiff becomes aware that he is suffering from a wrong for which damages may be recovered in a civil action." *Singleton,* 632 F.2d at 192.

■ In the present action, Triestman brought four counts under 42 U.S.C. § 1983. Count 1 concerns the warrantless search of the plaintiff's residence on March 25, 1992, and March 26, 1992, during which plaintiff's property was seized. Claims resulting from these searches accrued when the acts occurred on March 25 and 26, 1992, because plaintiff should have known or had reason to know of the injury. *Day v. Moscow,* 769 F.Supp. 472, 476 (S.D.N.Y.1991), *aff'd,* 955 F.2d 807 (2d Cir.1992) (in an action for false arrest and illegal search, the decisive date for accrual purposes was the date of the arrest and search). In his objections, plaintiff does not claim to have been unaware of the March 1992 search and seizure. Thus, the claims in count 1 are barred by the three-year statute of limitations.

■ Counts 2 through 4 of Triestman's complaint relate to affidavits made by defendants in support of a search warrant and defendants' execution of the warrant on April 21, 1992. Compl. ¶¶ 2–4. Plaintiff claims that the search warrant was illegally obtained through defendants' false and misleading statements and that the searches and subsequent seizures violated plaintiff's Constitutional rights. *Id.* Plaintiff argues that because the search warrant and supporting affidavits were sealed until June 2, 1992, when they were released to plaintiff's attorney, he had no way of knowing that the April 17, 1992 search warrant was illegal and violated his Constitutional rights until June 2, 1992. Therefore, plaintiff argues that the statute of limitations began to run on June 2, 1992, and plaintiff's complaint was timely when filed on May 18, 1995.

In his objections, Triestman does not claim to have been unaware of the April 21, 1992, search and seizure. Plaintiff should have been aware when the search warrant was presented and the search executed on April 21, 1992, that there was a possible violation of his rights. The district court rejected a claim similar to Triestman's in *Shannon v. Recording Indus. Ass'n of Am.,* 661 F.Supp. 205, 210 (S.D.Ohio 1987). The court there held that plaintiffs' injury "occurred when their property was seized" and not when they learned the reasons for the search and seizure or that the affidavits in support of search warrants were false. *Id. See also Dennis v. Figueroa,* 642 F.Supp. 959, 960–61 (D.P.R.1986) (holding that Section 1983 action for unlawful search and seizure accrued on dates of seizures rather than date on which state court declared the acts illegal). Therefore, the statute of limitations on Triestman's claim accrued on the date of the search and seizure, which was April 21, 1992. Counts 2 through 4 of Triestman's complaint are barred by the three-year statute of limitations.

## CONCLUSION

For the foregoing reasons, it hereby is

ORDERED, that:

1. The report-recommendation is approved.

2. The complaint is dismissed as without arguable basis in law.

IT IS SO ORDERED.