**Alonzo JACOBS, Plaintiff,**

**v.**

**Mindy COIRO, John Parolla, H.J. Solvis, D. Levy, L. Roberson, Gallagher, V. Piacentile, Mario Merola, B. Ward, the City of New York and the State of New York, Defendants.**

**No. 90 Civ. 7969 (RPP).**

United States District Court, S.D. New York.

June 5, 1991.

Alonzo Jacobs, pro se.

Victor A. Kovner, Corp. Counsel of the City of New York by Gabriel Taussig, Albert Fredericks, Awo Sarpong, New York City, for V. Piacentile, L. Roberson, Mario Merola, B. Ward and the City of New York.

Robert Abrams, Atty. Gen. of the State of N.Y., Dept. of Law by Carolyn Cairns Olson, New York City, for Mindy Coiro, D. Levy and the State of N.Y.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

This is an action commenced on December 13, 1990 by plaintiff *pro se*, seeking relief under 42 U.S.C. § 1981, 1983, 1985 and 1986 and under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964. The complaint alleges that during criminal proceedings against him in 1984 and 1985 in Supreme Court for the State of New York, Bronx County, based on an alleged 1982 robbery, plaintiff was deprived of his constitutional rights to effective assistance of counsel and due process, that prejudicial evidence was improperly admitted against him and that the transcripts of the criminal proceedings were fraudulently altered. Defendants include Mindy Coiro, a court stenographer; assistant district attorneys Parolla and Piacentile and district attorney Merola; Harvey Solvis, one of plaintiff's appointed counsel; the Hon. David Levy, presiding trial judge; as well as police officers Ro-

berson and Gallagher from the 48th precinct and Benjamin Ward, the Commissioner of Police, all sued individually and in their official capacities, as well as the City and State of New York.

Plaintiff claims that defendants conspired to deprive him of his constitutional rights by "fixing a fraudulent proceeding," namely, the criminal proceedings against him, in retaliation for plaintiff's success in a civil suit.[1] Specifically, plaintiff claims he was arrested on September 5, 1984 without proper Miranda warnings, was held for ten hours and was improperly forced to participate in a lineup, that a witness' statements regarding her acquaintance with the prosecutor and the prosecutor's former partnership with defense counsel were omitted from the transcript of a pretrial hearing held July 2, 1985, that plaintiff's own objections to admission of his mug shot were omitted from the transcript of that same hearing, that the judge improperly admitted plaintiff's mug shot into evidence at trial and that his appointed counsel had a conflict of interest causing him to fail to make proper objections to the introduction of evidence at trial.

■■■ The complaint alleges that plaintiff was convicted and sentenced on September 3, 1985. It is well-settled that an action under 42 U.S.C. § 1983 is governed by the state statute of limitations for personal injury which in New York is three years. *See Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); N.Y. Civ.Prac.L. & R. § 214(5) (McKinney 1990). *See also Day v. Morgenthau*, 909 F.2d 75, 78 (2d Cir.1990). Similarly, it is well-settled that the statute of limitations for a civil RICO claim is four years. *See Agency Holding Corp. v. Malley–Duff & Assocs., Inc.*, 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). Where the gravamen of a plaintiff's claim is that he was imprisoned subsequent to an unfair trial, the claim accrues at the time of sentencing. *See Kaiser v. Cahn*, 510 F.2d 282, 285 (2d Cir.1974). Since the acts underlying plaintiff's claims occurred no later than Septem-

ber 3, 1985 when plaintiff was sentenced, this action filed December 13, 1990 is time-barred. The Court rejects plaintiff's argument that his claims are grounded in fraud and thus governed by a New York's six-year statute of limitations for fraud. Accordingly, defendants' motion to dismiss the complaint is granted and this case is ordered closed.

IT IS SO ORDERED.

---

1. Plaintiff nowhere describes the civil action and nowhere identifies which, if any, of the

defendants named here were involved in that action.