Paula KJORLIE, as the parent, natural guardian and next friend of her minor children Ianne Kjorlie, Steen Kjorlie, and Seagren Kjorlie; Eric Kjorlie, individually; Eric Kjorlie, as the parent, natural guardian and next friend of his minor children Ianne Kjorlie, Steen Kjorlie, and Seagren Kjorlie; Roger Craig, as the parent, natural guardian and next friend of his minor children Daniel Craig and David Craig; Ann Craig, as the parent, natural guardian and next friend of her minor children Daniel Craig and David Craig; John Sims, as the parent, natural guardian and next friend of his minor child Malia Sims; Gwen Sims, as the parent, natural guardian and next friend of her minor child, Malia Sims, Plaintiffs,

v.

Raymond J. LUNDIN and Patty Bottorff, Defendants.

No. 91–4040–DES.

United States District Court, D. Kansas.

Sept. 13, 1993.

Ralph E. Skoog, Topeka, KS, for plaintiffs.

Carol R. Bonebrake, Martha M. Snyder, Office of the Atty. Gen., Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on the application of the plaintiffs for attorney's fees pursuant to 42 U.S.C. § 1988 (Doc. 109). Plaintiffs have submitted a statement of consultation as required by D.Kan.Rule 220. The defendants have filed a response objecting to the requested award of attorney's fees. The court has reviewed the application and supporting documentation, the response, and the relevant authorities, and is now prepared to rule on the plaintiff's application.

■ Plaintiffs' request for attorney's fees is based upon the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988, which reads in relevant part as follows:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985, and 1986 of this title, the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs.

The plaintiffs contend that they prevailed against the defendants in their claim under 42 U.S.C. § 1983 notwithstanding that the jury awarded them only nominal damages of one dollar each, because the court held as a matter of law that their Fourth Amendment rights had been violated by the defendants and that the defendants were not entitled to invoke qualified immunity as a defense.

The United States Supreme Court has clearly held that an award of nominal damages to a civil rights plaintiff renders him a "prevailing party" for purposes of § 1988. *See Farrar v. Hobby,* —— U.S. ——, ——, 113 S.Ct. 566, 573, 121 L.Ed.2d 494 (1992). In this case, the court instructed the jury that the court had determined as a matter of law that defendants Lundin and Bottorff had violated the plaintiffs' Fourth Amendment rights. However, the jury determined that the plaintiffs were each entitled to only nominal damages of one dollar against both defendants. Under *Farrar v. Hobby,* the plaintiffs nevertheless fall within the definition of "prevailing parties."

■ A finding that the plaintiffs were prevailing parties, however, does not compel an award of attorney's fees under § 1988. Indeed, in *Farrar,* the Supreme Court stated:

In a civil rights suit for damages, ... the awarding of nominal damages also highlights the plaintiff's failure to prove actual, compensable injury. Whatever the constitutional basis for substantive liability, damages awarded in a § 1983 action "must always be designed 'to *compensate injuries* caused by the [constitutional] deprivation.'" When a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all.

*Id.* —— U.S. at ——, 113 S.Ct. at 575 (citations omitted) (emphasis in original).

■ This is not a case in which the plaintiffs sought declaratory or injunctive relief against the defendants. Instead, the plaintiffs elected to pursue their § 1983 claim solely for monetary damages against several defendants. Two defendants were granted summary judgment by the court, and only defendants Lundin and Bottorff were ultimately determined liable as a matter of law for the Fourth Amendment violations. The plaintiffs each originally sought compensatory damages of $25,000.[1] In contrast, the jury determined that they were each entitled to only $1 from both defendants, or one twenty-five thousandth of the amount

---

1. The plaintiffs originally sought punitive damages as well as compensatory damages, and preserved that claim in the pretrial order. Howev-er, at the commencement of trial, without prior notice to the defendants or to the court, the

sought.[2] In comparing the relief sought to the amount awarded by the jury, the court can only conclude that the degree of success obtained by the plaintiffs renders the only reasonable fee award to be no fee at all. *See Farrar,* — U.S. at ——, 113 S.Ct. at 575.

 In so holding, the court does not in any way intend to diminish the importance of plaintiffs' Fourth Amendment rights, the violation of which was vindicated by this litigation. As the Supreme Court has held, a violation of one's Fourth Amendment protection against unreasonable search and seizure is complete when the wrongful action is taken, and it was therefore unnecessary for the plaintiffs to prove they incurred damages in order to prevail in their § 1983 claim. *See Zinermon v. Burch,* 494 U.S. 113, 125, 110 S.Ct. 975, 983, 108 L.Ed.2d 100 (1990); *see also Day v. Morgenthau,* 909 F.2d 75, 77 (2d Cir.1990). Nevertheless, the remedy sought by the plaintiffs for this violation was in the form of monetary damages. Had the plaintiffs sought only declaratory relief, the jury trial would not have been necessary on the issue of damages. Hence, in measuring the degree of success achieved by the plaintiffs, the court concludes that the result of this litigation fell far short of the relief plaintiffs elected to seek. *See Riverside v. Rivera,* 477 U.S. 561, 585, 106 S.Ct. 2686, 2700, 91 L.Ed.2d 466 (Powell, J., concurring) ("Where recovery of private damages is the purpose of ... civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought."), *quoted with approval in Farrar,* — U.S. at ——, 113 S.Ct. at 575.

 The court further notes that § 1988 makes an award of attorney's fees discretionary with the court, apart from the analysis of what may constitute a "reasonable" fee award. Even if the court were to determine that a reasonable fee award in this case was some amount other than nothing, the court would exercise its discretion in favor of denying an award of attorney fees in this case. *See id.* — U.S. at ——, 113 S.Ct. at 577 (O'Connor, J., concurring) ("Section 1988 expressly grants district courts discretion to withhold attorney's fees from prevailing parties in appropriate circumstances. . . .").

**IT IS BY THE COURT THEREFORE ORDERED** that plaintiffs' application for attorney's fees (Doc. 109) is hereby denied.

---

plaintiffs dropped their claims for punitive damages.

**2.** The court rejects the defendants' argument that the plaintiffs sought $2.4 million in damages (8 plaintiffs × $75,000 × 4 defendants). Although the defendants are correct that the complaint was originally filed by eight plaintiffs, including Paula Kjorlie who later voluntarily dismissed her claim, the plaintiffs never sought recovery of damages from *each* of the defendants. The pretrial order simply states that each of the plaintiffs demanded actual damages of $25,000 and puni-tive damages of $50,000. As the case went to trial, the seven remaining plaintiffs therefore claimed total compensatory damages of $175,000 (7 × $25,000), and no punitive damages. Furthermore, as the defendants are well aware, the case went to trial against only two defendants, not four. Finally, the relevant comparison is between the amount of *compensatory* damages claimed and the amount actually awarded, *see Farrar,* — U.S. at —— ——, 113 S.Ct. at 574–75, especially when the plaintiffs, as in this case, dropped their claims for punitive damages.