**Gary SCHY, Plaintiff–Appellant,**

v.

**State of VERMONT & Dante Annicelli, Defendants–Appellees.**

No. 00–7874.

United States Court of Appeals, Second Circuit.

Jan. 17, 2001.

James A. Dumont, Keiner & Dumont, Middlebury, VT, for appellant.

Joseph Winn, Ass't Att'y Gen., Montpelier, VT, for appellees.

Present KEARSE, JACOBS, and JOSÉ A. CABRANES, Circuit Judges.

*SUMMARY ORDER*

This cause came on to be heard on the record from the United States District Court for the District of Vermont, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Plaintiff Gary Schy appeals from a judgment of the United States District Court

for the District of Vermont, J. Garvan Murtha, *Chief Judge*, dismissing his complaint against defendants State of Vermont (the "State") and Dante Annicelli, alleging principally that Annicelli violated his constitutional rights by deliberately and recklessly subjecting him to extreme pain in handcuffing him, with his hands behind his back, to a chain attached to a wall. The district court dismissed Schy's claims against the State on Eleventh Amendment grounds, without prejudice to refiling in state court. The court granted summary judgment in favor of Annicelli on the grounds that it has not been established that an arrestee has a constitutional right not to be handcuffed in the course of an arrest; that Schy did not complain to Annicelli of pain, and there was insufficient evidence that Annicelli knew that Schy was in pain; that Schy made no showing that he had suffered any serious or visible injury; and that he never requested or sought medical attention.

On appeal, Schy contends that the granting of summary judgment in favor of Annicelli was error because Schy repeatedly complained of the handcuffs within earshot of Annicelli, and there was thus at least a material issue of fact as to Annicelli's knowledge that the handcuffs were causing Schy pain. Although the notice of appeal appears to seek review of the dismissals of both Annicelli and the State, Schy has presented no argument for reversal of the dismissal of the State. Accordingly, we do not address that ruling. *See generally Day v. Morgenthau,* 909 F.2d 75, 76 (2d Cir.1990); Fed.R.App.P. 28(a)(9). For the reasons that follow, we affirm the dismissal as to Annicelli.

Summary judgment may be granted where there is no genuine issue of material fact to be tried, and the record, with all reasonable inferences drawn in favor of the party opposing summary judgment,

shows that the moving party is entitled to judgment as a matter of law. *See* Fed. R.Civ.P. 56; *White v. ABCO Engineering Corp.,* 221 F.3d 293, 300 (2d Cir.2000). Where the undisputed facts reveal that there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim become immaterial and cannot defeat a motion for summary judgment. *See, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Burke v. Jacoby,* 981 F.2d 1372, 1379 (2d Cir.1992), *cert. denied,* 508 U.S. 909, 113 S.Ct. 2338, 124 L.Ed.2d 249 (1993); *Knight v. U.S. Fire Insurance Co.,* 804 F.2d 9, 11–12 (2d Cir.1986) (existence of factual issue will not suffice to defeat a motion for summary judgment where that issue is not material to the ground of the motion), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987). In the present case, any dispute as to Annicelli's knowledge was not material, given Schy's own testimony as to his discomfort.

We note that the parties are in disagreement as to whether the claim of Annicelli's mistreatment of Schy, who had been arrested but not yet arraigned, should be analyzed under a Fourteenth Amendment substantive due process approach, which requires a showing that the amount of force used was "such as 'to offend even hardened sensibilities' " or " 'brutal' and 'offensive to human dignity,' " *Johnson v. Glick,* 481 F.2d 1028, 1033 n. 6 (2d Cir.) (quoting *Rochin v. California,* 342 U.S. 165, 172, 174, 72 S.Ct. 205, 96 L.Ed. 183 (1952)), *cert. denied,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973); *Robison v. Via,* 821 F.2d 913, 923 (2d Cir.1987), or under the Fourth Amendment, which provides protection against the use of excessive force in the course of an arrest and requires application of an objective " 'reasonableness' standard, rath-

er than ... a 'substantive due process' approach," *Graham v. Connor,* 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). We conclude that whichever framework is used, Schy's own admissions reveal that his claim was not one of constitutional dimension, for Schy had no absolute right not to be placed in handcuffs, *see, e.g., Soares v. Connecticut,* 8 F.3d 917, 922 (2d Cir.1993) ("Neither the Supreme Court nor the Second Circuit has established that a person has the right not to be handcuffed in the course of a particular arrest, even if he does not resist or attempt to flee."), and, under either standard, not every infliction of pain reaches the level of a constitutional violation, *see generally Graham v. Connor,* 490 U.S. at 396 ("[n]ot every push or shove" is excessive) (quoting *Johnson v. Glick,* 481 F.2d at 1033); *Robison v. Via,* 821 F.2d at 923 (not every state-law assault would violate the victim's constitutional right to be free from the use of excessive force).

In the present case, Schy was arrested on a felony charge and detained at the St. Johnsbury, Vermont police barracks· prior to being transferred to a correctional facility. Vermont law required that a person held for arraignment on a felony charge be restrained if necessary to ensure his continued custody, using devices such as handcuffs and wall rings. The St. Johnsbury barracks did not have a holding cell, and Schy was accordingly handcuffed to a chain attached to a wall in a room at the barracks, with his hands behind his back. Schy testified at his deposition that he remained thus handcuffed for "a little over two" hours (Schy Deposition at 40–41); that he complained to three persons who passed the door to that room (*see id.* at 40); that what he said when he complained to them was, "Could you help me or these really hurt, could you change the position on these or could you see if I could get these off or those kinds of things" (*id.* at

40). Even assuming, favorably to Schy, that Annicelli heard these or these kinds of statements by Schy, the statements were insufficient as a matter of law to suggest that the handcuffing of Schy was either brutal and offensive to human dignity, or unreasonable.

Further, the allegation that Annicelli's treatment of Schy was unreasonable, brutal, and/or offensive to human dignity was belied by Schy's testimony as to the results of the handcuffing. For example, the record reveals that the handcuffs were not too small for Schy's wrists; when asked if the cuffs had left any kind of marks, Schy testified that there were red marks about three-quarters of the way around his wrists, and he stated, "I have to say ... they weren't gouged into my wrists. There was [*sic* ] just marks from something being there for a long time." (*Id.* at 94.) Other than the officer who unlocked his handcuffs and saw him rubbing his wrists and moving his arms, Schy did not recall showing his red marks to anyone: "[I]t wasn't something that was so pronounced that I would have showed" (*id.* at 94). And when asked whether he had sought medical treatment for his arms or wrists, Schy's response was, "None was needed, no." (*Id.* at 95.)

Schy alleged that the handcuffing caused him emotional distress. He testified, however, that he had never consulted a psychiatrist, a psychologist, a counselor, or any other trained person in connection with his distress.

Schy also claimed emotional distress because after taking him to the correctional center, Annicelli placed him in the custody of a booking officer who had taunted him with the prospect of being sodomized. Schy presented no evidence, however, that he had been sexually touched or attacked in any way.

In all the circumstances, given Schy's deposition testimony, we conclude that summary judgment dismissing his claims against Annicelli was proper.

We have considered all of Schy's contentions on this appeal and have found them to be without merit. The judgment of the district court is affirmed.