John A. DOLSON, Plaintiff–Appellant,

v.

NEW YORK STATE THRUWAY AUTHORITY, Gary Francis in an individual capacity, William Rinaldi in an individual capacity, Robert Pardy in an individual capacity, and Rafael Morales in an individual capacity, Defendants–Appellees.

Docket No. 03–7373.

United States Court of Appeals,
Second Circuit.

Nov. 6, 2003.

---

Ambrose Wotorson, Brooklyn, N.Y., for Appellant.

Frank K. Walsh, Ass't Sol. Gen., Albany, N.Y., for Appellees.

Present: KEARSE, MCLAUGHLIN, and RAGGI, Circuit Judges.

## SUMMARY ORDER

Plaintiff John A. Dolson appeals from a judgment of the United States District Court for the Northern District of New York, Frederick J. Scullin, Jr., *Chief Judge,* dismissing his complaint brought under 42 U.S.C. §§ 1981 and 1983 against his former employer, the New York State Thruway Authority ("Thruway Authority" or "TA"), and several individuals, alleging principally that his employment was terminated in violation of his rights to due process and equal protection and in retaliation for his opposition to allegedly racially discriminatory practices at the Thruway Authority. The district court granted summary judgment in favor of the TA on the ground that Dolson failed to present any evidence that the TA had a custom or policy of racial discrimination. The court granted summary judgment in favor of

defendants Gary Francis, William Rinaldi, and Robert Pardy, on the grounds (a) that Dolson's dismissal was recommended by an unbiased arbitrator in a union grievance proceeding, and (b) that none of the individual defendants was involved in the decision to terminate Dolson's employment. The court dismissed the complaint against defendant Rafael Morales on the ground that he was not timely served. On appeal, Dolson argues that the District Court erred in dismissing his claims against the individual defendants. Finding no merit in his contentions, we affirm substantially for the reasons stated in Chief Judge Scullin's Memorandum–Decision and Order dated March 12, 2003.

■ Although Dolson argues that Francis and Pardy harassed him, issued formal reprimands for his conduct, and expressed the desire to have his employment terminated, and that Rinaldi failed to take action to prevent this allegedly retaliatory conduct, Dolson presented to the district court no evidence that any of the individual defendants personally participated in the decision to terminate his employment. It is undisputed that the decision to pursue disciplinary action against Dolson, and to seek his termination, was made by the TA's Department of Labor Relations independently; that, on the basis of an evidentiary hearing, a recommendation for Dolson's termination was made by an unbiased hearing officer; and that the ultimate decision to terminate Dolson's employment was made by the TA's Executive Director. Given these facts as to the structure of the TA's disciplinary system and its application to Dolson, the district court properly dismissed the claims against Francis, Pardy, and Rinaldi for lack of personal involvement in the decision to terminate Dolson's employment.

In addition, Dolson failed to impeach the recommendation of the arbitrator that, in light of several acts of misconduct by Dolson, Dolson's employment should be terminated. Although in a suit under § 1981 or § 1983 a ruling in a prior arbitration conducted pursuant to the terms of a collective bargaining agreement is not given preclusive effect, *see McDonald v. City of West Branch*, 466 U.S. 284, 292, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) (§ 1983 case), *Rodgers v. Fisher Body Division, General Motors Corp.*, 739 F.2d 1102, 1105 (6th Cir.1984) (§ 1981 case), an employee subjected to an adverse employment decision recommended by the arbitrator, where there has been an evidentiary hearing and there is no claim that the arbitrator was biased, "must present strong evidence that the decision was wrong as a matter of fact—e.g. new evidence not before the tribunal—or that the impartiality of the proceeding was somehow compromised," *Collins v. New York City Transit Authority*, 305 F.3d 113, 119 (2d Cir.2002) (Title VII case). Here, Dolson concedes that the arbitrator was not biased; but he urges us to conclude that he meets the *Collins* test, arguing that he did not raise his race discrimination claims before the arbitrator. The record, however, does not support his argument.

■ For example, in his posthearing presentation to the arbitrator, Dolson (through counsel who had represented him throughout the six-day hearing) pointed out that he had "testified that he had complained continuously for fourteen years about racial harassment on the job." (Dolson Post–Hearing Brief at 4.) In his testimony before the arbitrator, he stated that the harassment had been in the form of, *inter alia*, racially offensive posters placed throughout his workplace and name-calling. (Arbitration Hearing Transcript 391). He argued that his conduct in setting fire

to various memoranda was "excusable" because they were "racially offensive" and because he "had been a victim of a racially hostile atmosphere for a number of years." (Dolson Post–Hearing Brief at 5–6.) The arbitrator noted Dolson's claims of discrimination, including those described above and his contention "that certain personnel sought to frame [Dolson] to justify [Dolson's] termination" (Arbitrator's Decisions and Recommendations at 16), but found that the charges against Dolson were not motivated by race discrimination. Rather, he found that

> [t]he record omits any persuasive evidence that the [Thruway Authority] acted in an arbitrary, capricious, discriminatory, or unreasonable manner in preferring the Charges and Specifications against [Dolson] and in seeking the termination of [Dolson]. In particular, the record omits any credible evidence of disparate treatment of [Dolson] in connection with the present proceeding. Although [Dolson] alleged that the [Thruway Authority] instituted disciplinary action against [Dolson] as a result of racial harassment or racial animus against [Dolson], the record fails to prove such an allegation of unlawful discrimination in any manner whatsoever.

(*Id.* at 42.) In opposition to the summary judgment motion in this case, Dolson neither presented evidence that was substantially different from the evidence he presented to the arbitrator nor demonstrated that the findings of the arbitrator were wrong. Accordingly, the dismissal of his claims against the individual defendants may be upheld on this ground as well.

Finally, we note that although Dolson's notice of appeal stated that he appealed the judgment in favor of all defendants, his brief on appeal contains no arguments challenging either the district court's dis-

missal of the complaint against Morales for lack of timely service of process or its dismissal of the complaint against the Thruway Authority for lack of evidence of any custom or policy of racial discrimination. Accordingly, we decline to address or disturb these rulings. *See, e.g., Otero v. Bridgeport Housing Authority*, 297 F.3d 142, 144 (2d Cir.2002); *Day v. Morgenthau*, 909 F.2d 75, 76 (2d Cir.1990); Fed. R.App. P. 28(a)(9).

We have considered all of Dolson's arguments on this appeal and have found them to be without merit. The judgment of the district court is affirmed.