**Jacek I. SMIGELSKI, Plaintiff–Appellant,**

v.

**Ellen Ash PETERS, Individually and in Official Capacity, aka Ellen A. Blumberg, Thomas A. Bishop, Individually and in Official Capacity, Lubbie Harper, Jr., Individually and in Official Capacity, Suzanne B. Sutton, Individually and in Official Capacity, State of Connecticut, George Jepsen, in Official Capacity acting for the State of CT, Defendants–Appellees.**

No. 13–832.

United States Court of Appeals, Second Circuit.

March 11, 2014.

Jacek I. Smigelski, pro se, Southington, CT, for Appellant.

Philip Miller, Assistant Attorney General, for George Jepsen, Attorney General of the State of Connecticut, Hartford, CT, for Appellees.

PRESENT: AMALYA L. KEARSE, RICHARD C. WESLEY and CHRISTOPHER F. DRONEY, Circuit Judges.

## SUMMARY ORDER

On appeal, Jacek I. Smigelski, a suspended attorney proceeding *pro se,* appeals the judgment of the district court dismissing his 42 U.S.C. § 1983 claims as barred by the Eleventh Amendment, judicial immunity, and prosecutorial immunity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

This Court reviews *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(1) or 12(b)(6). *See Jaghory v. New York State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). A § 1983 claim may properly be dismissed on a Rule 12(b)(6) motion where the complaint on its face reveals that the movant is entitled to absolute immunity. *See generally Day v. Morgenthau,* 909 F.2d 75, 76–78 (2d Cir.1990).

Although we are "ordinarily obligated to afford special solicitude to *pro se* litigants" based on "[t]he rationale ... that a *pro se* litigant generally lacks both legal training and experience, ... a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater,* 623 F.3d 90, 101–02 (2d Cir.2010).

Having conducted an independent and *de novo* review of the record, we find that the district court correctly concluded that Smigelski's claims were barred either by the Eleventh Amendment or the doctrines of absolute immunity. We therefore affirm for substantially the same reasons set forth by the district court.

The judgment of the district court is **AFFIRMED.**