13-832
Smigelski v. Peters

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand fourteen.

PRESENT:

Amalya L. Kearse,

Richard C. Wesley,

Christopher F. Droney,

*Circuit Judges.*

_____

Jacek I. Smigelski,

*Plaintiff-Appellant,*

v.                                                              13-832

Ellen Ash Peters, Individually and in Official Capacity, AKA Ellen A. Blumberg, Thomas A. Bishop, Individually and in Official Capacity,

Lubbie Harper, Jr., Individually and in Official Capacity, Suzanne B. Sutton, Individually and in Official Capacity, State of Connecticut, George Jepsen, in Official Capacity acting for the State of CT,

   *Defendants-Appellees*.

————————————————————

FOR APPELLANT:  Jacek I. Smigelski, *pro se*, Southington, CT

FOR APPELLEES:  Philip Miller, Assistant Attorney General, *for* George Jepsen, Attorney General of the State of Connecticut, Hartford, CT

————————————————————

Appeal from a judgment of the United States District Court for the District of Connecticut (Chatigny, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On appeal, Jacek I. Smigelski, a suspended attorney proceeding *pro se*, appeals the judgment of the district court dismissing his 42 U.S.C. § 1983 claims as barred by the Eleventh Amendment, judicial immunity, and prosecutorial immunity. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

This Court reviews *de novo* a district court decision dismissing a complaint pursuant to Rule 12(b)(1) or 12(b)(6). *See Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). A § 1983 claim may properly be dismissed on a Rule 12(b)(6) motion where the complaint on its face reveals that the movant is entitled to absolute immunity. *See generally Day v. Morgenthau*, 909 F.2d 75, 76–78 (2d Cir. 1990).

Although we are "ordinarily obligated to afford special solicitude to *pro se* litigants" based on "[t]he rationale . . . that a *pro se* litigant generally lacks both legal training and experience, . . . a lawyer representing himself ordinarily receives no such solicitude at all." *Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

Having conducted an independent and *de novo* review of the record, we find that the district court correctly concluded that Smigelski's claims were barred either by the Eleventh Amendment or the doctrines of absolute immunity. We therefore affirm for substantially the same reasons set forth by the district court.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk