16-1070
Boley v. Durets

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of April, two thousand seventeen.

PRESENT:
> AMALYA L. KEARSE,
> JOHN M. WALKER, JR.,
> PETER W. HALL,
>     *Circuit Judges.*

---

**Robert Boley,**

> *Plaintiff-Appellant*,

> v.                                                                 **16-1070-cv**


**Sergeant Dmitry Durets, (first name unknown) 61st Precinct, Police Offcer Dexter Deonarinesingh, John Doe # 1, Desk Officer, 61st Precinct, John/Jane Does, #210 (61st Precinct),**

> *Defendants-Appellees*,

**Albert Devito, Carol Zeitler, Honourable Guy Mangano, Honourable Martin Murphy, Kings County District Attorney's Office, Esq. Charles J. Hynes, District Attorney, Esq. Lisa Marie Vellucci, District Attorney, Assistant District Attorney, (Pretrial ADA Name),**

> *Defendants*.

---

**FOR APPELLANT:**             ROBERT BOLEY, pro se, Grand George, NY.

**FOR APPELLEE:**              DIANA LAWLESS, Assistant Corporation Counsel (Pamela Seider Dolgow, Assistant Corporation Counsel, *on the brief*), *for* Zachary W. Carter, Corporation Counsel for the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ross, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Robert Boley, proceeding pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 claims against defendants-appellees Sergeant Dmitry Durets and Officer Dexter Deonarinesingh for false arrest and malicious prosecution in connection with his state criminal proceedings.[1]  The district court granted the defendants-appellees' motion for summary judgment, dismissing Boley's claims against Durets and Deonarinesingh for Boley's failure to establish their personal involvement in the acts alleged in the Complaint.  Boley argues that, although Durets and Deonarinesingh were not involved in his arrest or in the initiation of proceedings against him, they participated in his prosecution by testifying falsely about their roles in his arrest in order to protect other police officers.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review de novo a district court's grant of summary judgment.  *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126 (2d Cir. 2013) (per curiam).   Summary judgment must be granted

---

[1] There were ten Doe defendants who were dismissed in the summary judgment order for failure to identify and serve them, and who are mentioned in the caption of Boley's notice of appeal. As Boley makes no argument about the Does in his brief on appeal, we regard his claims against them as abandoned. *See, e.g.*, *Day v. Morgenthau*, 909 F.2d 75, 76 (2d Cir. 1990); Fed. R. App. P. 28(a)(8).

if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When determining whether a genuine dispute exists, "we must resolve all ambiguities and draw all inferences against the moving party." *Garcia*, 706 F.3d at 127. A party, however, cannot overcome summary judgment by relying on "mere speculation or conjecture as to the true nature of the facts" because "conclusory allegations or denials . . . cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (quoting *Fletcher v. Atex, Inc.*, 68 F.3d 1451, 1456 (2d Cir. 1995)). To establish a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994).

Upon review of the arguments raised by Boley in his appellate brief, we determine that he has waived any challenge to the district court's dismissal of his false arrest claim: he confirms in his brief that the defendants "had nothing whatsoever to do with [his] arrest." *See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 428 (2d Cir. 2005) ("[A]rguments not made in an appellant's opening brief are waived . . . ."); *LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (explaining that a pro se appellant abandons an issue not raised in his appellate brief).

Boley has not, however, waived review of the dismissal of his malicious prosecution claim. To prevail on a malicious prosecution claim, a plaintiff must satisfy four elements, including that the defendant initiated the plaintiff's prosecution. *Manganiello v. City of New York*, 612 F.3d 149, 161 (2d Cir. 2010). To initiate a prosecution, "a defendant must do more than report the crime or give testimony. He must play an active role in the prosecution, such as giving advice and

3

encouragement or importuning the authorities to act." *Id*. at 163 (internal citation, quotation marks, and alteration omitted). Liberally construing Boley's brief, he asserts that the defendants participated in his prosecution by lying about the role they played in his arrest by giving perjurious testimony and incorrectly identifying Deonarinesingh as the arresting officer to protect other police officers. While false statements by the police in connection with a criminal proceeding may sometimes give rise to a malicious prosecution claim, *see Manganiello*, 612 F.3d at 163, Boley has failed to meet his burden in this case. He has not offered any explanation, or introduced any evidence, to establish that the defendants' alleged misrepresentations played any role in his criminal prosecution. Even if Officer Deonarinesingh was incorrectly identified as Boley's arresting officer at trial, it is not clear how this misrepresentation furthered the state's case against him. Boley's conclusory alleagtions alone are insufficient to survive a motion for summary judgment.

We have considered Boley's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4