23-387-cv
Amigon v. Luzon

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand twenty-four.

PRESENT: PIERRE N. LEVAL,
     RAYMOND J. LOHIER, JR.,
     RICHARD J. SULLIVAN,
      *Circuit Judges*.

-------------------------------------------------------------------
ANTHONY XAVIER AMIGON,

    *Plaintiff-Appellant*,

   v.                No. 23-387-cv

DYLAN J. LUZON, POLICE OFFICER, POLICE OFFICER MICHAEL F. DIGILIO, VILLAGE OF DOBBS FERRY,

    *Defendants-Appellees.\**

-------------------------------------------------------------------

----------------------

\* The Clerk of Court is directed to amend the caption as set forth above.

FOR APPELLANT:                                     Anthony Xavier Amigon,
                                                   *pro se*, Yonkers, NY

FOR APPELLEES:                                     Deanna L. Collins, Silverman &
                                                   Associates, White Plains, NY

Appeal from a judgment of the United States District Court for the

Southern District of New York (Philip M. Halpern, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment of the District Court is AFFIRMED in part,

VACATED in part, and the matter is REMANDED for further proceedings

consistent with this order.

Anthony Xavier Amigon, proceeding *pro se*, appeals from a judgment of

the United States District Court for the Southern District of New York (Halpern,

*J.*) dismissing Amigon's claims under 42 U.S.C. § 1983 and New York law arising

from a 2020 traffic stop conducted by the individual defendants, Officers Dylan

Luzon and Michael Digilio.[1]   We assume the parties' familiarity with the

underlying facts and the record of prior proceedings, to which we refer only as

---

[1] Amigon does not challenge the dismissal of his malicious prosecution claim on
appeal.   Although we afford *pro se* litigants special solicitude, "we need not, and
normally will not, decide issues that a party fails to raise in his or her appellate brief."
*Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).   Accordingly, we affirm the dismissal
of his malicious prosecution claim.

necessary to explain our decision to affirm in part and vacate in part.

## I.  Illegal Search Claim

Amigon first challenges the District Court's dismissal of his claim that the defendants conducted an illegal search of his car in violation of the Fourth Amendment.  Amigon alleges that he was pulled over by Officer Luzon for speeding and running a stop sign.  During the stop, Luzon informed Amigon that his license was suspended and ordered Amigon out of the car.  Luzon patted Amigon down for a weapon and handcuffed him.  After Officer Digilio locked Amigon in the patrol car, Luzon searched Amigon's vehicle over his objection.  When the search was done, Amigon was ticketed for running a stop sign and aggravated unlicensed operation of a motor vehicle.  He later pleaded guilty to a noncriminal traffic violation.

We assume the truth of the factual allegations in the complaint and view them in the light most favorable to the plaintiff.  *See Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).  With this in mind, we conclude that Amigon has adequately alleged an unlawful search in violation of the Fourth Amendment.  *See Arizona v. Gant*, 556 U.S. 332, 351 (2009).  Reading the complaint in the light most favorable to Amigon, we cannot say that he was

3

"unsecured and within reaching distance of the passenger compartment" when the search of his car took place, *id.* at 343, or that it was "reasonable to believe [that] the vehicle contain[ed] evidence of the offense[s]" for which Amigon was detained, *id.* at 346, much less that there was probable cause to believe that the vehicle "contain[ed] evidence of criminal activity," *id.* at 347 (citing *United States v. Ross*, 456 U.S. 798, 820–21 (1982)). Nor does the complaint establish that the police believed that Amigon posed a danger to anyone. *Id.* at 346–47 (citing *Michigan v. Long*, 463 U.S. 1032, 1049 (1983)).

The District Court nevertheless dismissed Amigon's claim for failure to adequately allege an injury resulting from the search. "Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy—including (where appropriate) damages for physical injury, property damage, [and] injury to reputation." *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999). Compensatory damages under Section 1983 may include "such injuries as 'impairment of reputation . . . , personal humiliation, and mental anguish and suffering.'" *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 307 (1986) (quoting *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974)).

Amigon has alleged emotional distress, pain, and anguish arising from the

4

Officers' actions.   He also seeks punitive damages.   Viewing Amigon's

submissions "to raise the strongest arguments that they *suggest*," *Triestman v. Fed.*

*Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quotation marks omitted), we

construe his complaint to request damages for the "invasion of privacy" related

to the search of his vehicle, *Townes*, 176 F.3d at 149; *see Day v. Morgenthau*, 909

F.2d 75, 77 (2d Cir. 1990), *as amended on reh'g* (Aug. 29, 1990) ("When subjected to

an illegal search and seizure, special damages need not be alleged because the

victim is harmed by the invasion of his zone of privacy, whether or not the

evidence unlawfully obtained is introduced at trial." (quotation marks

omitted)).[2]   Should Amigon fail to prove compensable damages, he may still be

able to show that he is entitled to nominal damages on account of the alleged

constitutional violation.   *See Ruggiero v. Krzeminski*, 928 F.2d 558, 563–64 (2d Cir.

---

[2] The District Court also found that Amigon had abandoned any arguments about his alleged injuries because he failed to raise them in his opposition brief to the Defendants' motion to dismiss.   The "policy of liberally construing *pro se* submissions is driven by the understanding that [i]mplicit in the right of self-representation is an obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training." *Triestman*, 470 F.3d at 475 (quotation marks omitted).   Amigon included statements about his alleged injuries in his response to the Defendants' Answer, and as we have concluded, adequately alleges damages in his Second Amended Complaint.   We deem his arguments on the issue preserved.

1991).

We accordingly vacate the District Court's dismissal of Amigon's illegal search claim.

## II.    Municipal Liability Claim

Amigon next asks us to vacate the dismissal of his municipal liability claim because he has obtained new evidence of a municipal policy or practice that caused his injury.   We agree with the District Court that Amigon's current complaint fails to state a claim for municipal liability, and we affirm the dismissal.   We also decline to supplement the appellate record and consider his new evidence on appeal.   *See Natofsky v. City of New York*, 921 F.3d 337, 344 (2d Cir. 2019).   On remand, however, the District Court may consider whether granting leave to amend to include this evidence is proper.

## III.    State Law Claims

Finally, because we reinstate Amigon's illegal search claim, we also vacate the dismissal of Amigon's related state claims over which the District Court declined to exercise supplemental jurisdiction.   *See Rogoz v. City of Hartford*, 796 F.3d 236, 251 (2d Cir. 2015).

## CONCLUSION

We have considered Amigon's remaining arguments and conclude that they are without merit.   For the foregoing reasons, the judgment of the District Court is AFFIRMED in part, VACATED in part, and REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7